13 341
48 429
13 341
49 321
50 332
13 341
56 251

LEMUEL BASSETT V. Z. A. WOODWARD.

1. PRACTICE; *Pleading; Demand for Relief; Judgment.* Where the allegations in the petition and the findings of fact sustain the judgment, a variance between the prayer for relief in the petition and the judgment will not, when noticed first in this court, ordinarily justify a reversal.

2. —— *Necessary Parties.* Parties, whether plaintiffs or defendants in the district court, who are affected by errors alleged in the proceedings in that court, must be made parties to proceedings in this court before those errors can be inquired into.

*Error from Labette District Court.*

ACTION to compel specific performance of contract, brought by *Woodward* as plaintiff against *Bassett* and Kuykendall. The case is fully stated in the opinion of the court.  Trial at the November Term 1871 of the district court.  Findings and judgment in favor of plaintiff and against the defendants. *Bassett* alone appeals.  Kuykendall is not joined either as a plaintiff or a defendant in this court.

*W. P. Lamb*, for plaintiff in error:

1. A demand of the relief to which the party supposes himself entitled must be contained in the petition; and no other relief can be granted by the court rightfully.  (Civil code, § 87.)  The demand must correspond to the prior averments in the petition, and the judgment and the findings of the court must conform and agree with averment of the petition and the demand for judgment and relief; and judgment and finding by the court exceeding or contrary to that demanded, is error, and should be reversed.

2. The court cannot grant relief in favor of one defendant and against another defendant on the petition of the plaintiff in a matter where the plaintiff has no interest, and where no affirmative relief is asked by either defendant.  In all cases the judgment must conform to the questions raised by the pleadings before the court, and cannot extend beyond such questions.  (Bouv. Law Dic., 676, § 9.)  The judgment in this case was not authorized.  The proper requisites have not been made to obtain it, either in the petition, or the answer.  It is therefore a fraudulent judgment, as it divests the plaintiff in error of his rights in the collection of his money from his co-defendant below, without any benefit to the plaintiff below.

The opinion of the court was delivered by

BREWER, J.: The defendant in error brought his action in the district court of Labette county against plaintiff in error

and one Josiah Kuykendall to compel a specific performance of a contract to sell real estate. In his petition he alleged a written contract on the part of Bassett to sell him the real estate at any time within eight days on the payment of $3,500; that Kuykendall had notice of this written contract; that within the eight days he tendered the $3,500 and demanded a deed, but that Bassett, combining with Kuykendall to cheat and defraud him, refused to convey, but sold and conveyed to Kuykendall for a greater sum than $3,500. He asked a decree compelling Kuykendall to convey to him upon payment of the $3,500, and requiring Bassett to join in the conveyance, and enjoining Kuykendall from selling or incumbering the premises in any manner. Bassett and Kuykendall filed a joint answer in which Bassett admitted the contract, but denied everything else, and Kuykendall admitted purchasing from Bassett and denied the other allegations. The case was tried by the court without a jury. Findings of fact and conclusions of law were made, and judgment entered in favor of Woodward. The testimony was not preserved, so that the case is here simply on the pleadings, the findings and the judgment. The findings sustain the allegations of the petition. In addition the court finds the terms of the sale from Bassett to Kuykendall, to-wit, cash $2,000, and note and mortgage for $1,700, and that the sale had been consummated. Upon these facts it would seem clear that Woodward upon payment of the $3,500 was entitled to a decree for a specific performance. Such a decree was entered, and so far at least as Woodward is concerned we see no error in it. Counsel for plaintiff in error claims that the prayer for relief in the petition does not warrant the decree. The decree commanded Kuykendall, upon payment of the $3,500, to execute a conveyance to Woodward, and Bassett to execute to Woodward an assignment of the mortgage and to surrender the notes secured thereby to Kuykendall. It was the duty of the court in framing its decree to see that such conveyances and instruments were executed by the defendants as would secure to the plaintiff

that which he had contracted for, a clear and perfect title to the premises. This was done, and only this. It does not appear that the attention of the district court was called to the fact that the prayer for relief did not speak of an assignment of a mortgage. We certainly should not disturb a judgment on account of a variance so purely immaterial. It may be that the court erred in not directing specifically the payment of $2,000 to Kuykendall and $1,500 to Bassett, but that is a matter in which Woodward is not the only party interested. If any error of that kind occurred, it can be corrected only by a proceeding in error to which Kuykendall also is a party defendant.

The judgment will be affirmed.

All the Justices concurring.