TOOF, McGOWN & CO. v. JOHN A. CRAGUN.

1. SUPREME COURT — *No Review, When.* The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings himself within the requirements of the statute prescribing time and manner of removing a case to this court, he is not entitled to a review.

2. CASE-MADE — *No Remedy for Loss of, When.* While this court may exercise auxiliary authority in aid of appellate jurisdiction once obtained, it cannot, in the absence of any jurisdiction in the proceeding before it, afford a remedy for the loss of a case-made before the same was settled and signed by the trial judge.

3. CASE — *Settling and Signing — Notice.* The loss of an unsigned case-made, which had been duly served, will not prevent the trial judge from requiring its reproduction, nor from signing and settling the same, upon due notice, at any time within the year allowed for taking cases to the supreme court.

*Error from Kingman District Court.*

THE opinion herein, filed on March 10, 1894, contains a sufficient statement of the case.

*Peckham & Peckham,* for plaintiffs in error.
*Gillett & Libby,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: We are asked to review the rulings made in a case in the district court, without any authentic record of the proceedings in that court. Nothing is presented except a verified statement of a futile effort to obtain a record for review. From this statement we learn that Toof, McGown & Co. brought an action against John A. Cragun to recover $4,684.16, and that on April 17, 1889, a trial was had and a verdict returned in favor of the defendant. On the 19th of the same month a motion for a new trial was filed, which was heard and overruled on April 25, 1889. Plaintiffs were given 90 days to make and serve a case for the supreme court; 30 days were allowed for defendant to suggest amendments; and

it was provided that the case was to be settled in 10 days thereafter, upon three days' notice. A case was made and served on July 24, 1889, which was the last day upon which service could be made; and after notice the case was presented to the judge for settlement, on August 31, 1889, when settlement was resisted, upon the ground that it had not been legally served. Testimony was taken by the judge upon this point, after which the judge announced that he would settle and sign the case presented as a true case-made, but would accompany it with the evidence taken on the hearing of the objections to the service, to the end that such objections and such evidence might be examined by the supreme court, and that he would sign and certify the case as soon as the official stenographer of the court could transcribe the oral evidence produced upon that hearing. The judge took the unsettled case into his possession, and left it temporarily with the clerk of the district court for safe-keeping until he should be able to conveniently take the same to his residence. On the next morning the judge called on the clerk for the case-made, with the intention of taking and holding it until it was completed and signed, when he was informed by the clerk that the case had gone from his custody and possession. While it was in the charge of the clerk, it was kept in an open and exposed place that was accessible to anyone who might be in the clerk's office. Since that time it does not appear that the case has ever been seen, and there is no satisfactory evidence of how the same passed from the custody of the clerk, or of what disposition has been made of it.

In October, 1889, counsel for plaintiffs learned of the loss of the case and instituted a fruitless search for the same. No further steps were taken until April 19, 1890, when application was made to the judge for the delivery of the case-made, and on April 24, 1890, a verified petition or statement of the transactions enumerated was filed in this court, with a view of obtaining a review of the proceedings in the district court. No further steps were taken in the case until more than three years had elapsed, to wit, in July, 1893, when an application

was made for leave to substitute in lieu of the case-made which had been lost a transcript of the records of the district court of Kingman county, together with a stenographic transcript of the proceedings and evidence in the case taken by the official reporter. The application was granted, and on September 4, 1893, some of the files of the case in the district court, and what purports to be a transcript of the evidence, certified by the stenographer, were brought to this court. No certified transcript of the proceedings in the district court has been produced, and, what is worse, the clerk of that court certified that he was unable to find that any entry was ever made upon the journal of that court of any proceedings whatsoever had in the case. We have, therefore, neither a case-made nor a transcript of the record as a basis of review, and are, therefore, unable to award any adequate relief to the plaintiffs.

There are only two methods of obtaining the review of a civil case—one upon a case-made, and the other upon a transcript. In no other way can the appellate jurisdiction of the court to review such cases be invoked or exercised. It is insisted that plaintiffs were entitled to a review, and that a denial of that right when they are without fault is a gross injustice, which this court should in some way correct. While the court may exercise auxiliary authority in aid of its appellate jurisdiction, it is powerless to furnish a remedy or assist parties in obtaining a record, where it is wholly without jurisdiction. A review in an appellate court is not a natural and inherent right, but only exists by authority of law. The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings himself within the requirements of the statute he is not entitled to a review. The loss of the unsigned case-made did not prevent the reproduction and signing of the case. It had been served within the required time, had been examined by the judge, and under the power vested in him in settling cases it might have been reproduced,

2. Case-made—
no remedy for
loss of, when.

1. Supreme court
—no review,
when.

3. Case—settling
and signing—
notice.

and, upon proper notice, settled and signed, at any time within the year allowed for taking cases to the supreme court. While a case must be served within the prescribed time, "no such limitation exists with respect to settling and signing a case, and hence the court may postpone such action and cause it to be done upon reasonable notice at a later time." (*Hill v. National Bank,* 42 Kas. 364.)

Instead of attempting to have the case reproduced and signed, the plaintiffs endeavored to find the lost papers, and no steps were taken here until the day preceding the expiration of the year within which the case could be removed to this court. The plaintiffs insist that, if what they have brought here cannot be considered a record, the circumstances warrant the court, by virtue of its inherent power, in remanding the case to the district court for another trial. If this court had jurisdiction of the case by virtue of a transcript, and if it were shown that the case-made had been lost through the fraud of the defendant, some such step as that suggested might have been taken. In an unreported case brought to this court, where it was shown that the defendant in error had fraudulently secreted a case-made which had been served upon him, the court required that the case-made be reproduced by the defendant within a given time, or, failing in that, the judgment would be reversed, and the cause remanded for another trial. This power exists by virtue of the innate right of the court to maintain its dignity and independence, and to preserve its inherent jurisdiction, as well as to protect and enforce the judgment that it may render. In this case, we have nothing, however, upon which to rest jurisdiction, and, besides, there is no satisfactory evidence that the defendant was responsible for the loss of the case. It is true that he was interested in its loss, and that he and others were in the room where it was kept; but the testimony of the clerk in whose possession it was placed has not been taken, or at least has not been produced before us. His whereabouts were known, and it would seem that his testimony might have accounted for the missing case, and while some state-

ments alleged to have been made by him are included in an
affidavit, they are only hearsay evidence and cannot be re-
ceived.    If we had jurisdiction, and it was shown that the
loss was due to the fraud of the defendant, we would freely
exercise such auxiliary authority as we possess in preventing
the accomplishment of a wrong, and in protecting the plain-
tiffs' rights.

It is a matter of regret that the record is not in a condition
which would enable us to afford the plaintiffs a remedy, but
entire absence of jurisdiction renders it impossible, and re-
quires a dismissal of this proceeding.

All the Justices concurring.