# JANUARY TERM, 1896.

PRESENT:

Hon. DAVID MARTIN, Chief Justice.
Hon. WILLIAM A. JOHNSTON, ⎱ Associate Justices.
Hon. STEPHEN H. ALLEN,      ⎰

J. B. Pierce v. Thomas Downey *et al.*
No. 7819.

Proceeding in Error—*Necessary Parties.* During the pendency of an action in ejectment, the defendants conveyed their interest to C., subject to a mortgage to P. After judgment against the defendants on a second trial a new trial was granted. On application of C. and P., the court then made them parties defendant and gave them time to answer. *Held,* That in a proceeding in error to reverse the order of the court granting a new trial C. and P. are necessary parties.

*Error from Pottawatomie District Court.*

Ejectment by J. B. Pierce against Thomas Downey and others. A. H. Clark and A. B. Pomeroy were made defendants. Judgment for plaintiff. From an order granting defendants a new trial plaintiff brings error. The opinion states the case.

*Codding & Challis,* for plaintiff in error.
*Hayden & Hayden,* for defendants in error.

The opinion of the court was delivered by

Martin, C. J.: On January 9, 1891, on a second trial in ejectment, judgment was rendered in favor of the plaintiff for lot 15 of block 15, in Butler City. A motion for a new trial was filed January 12, 1891, and

a subsequent motion was filed two days later includ-
ing some causes not embraced in the former.    On
January 17, upon hearing, a new trial was granted,
and the defendants, being aggrieved by said order,
were given time to make a case for the supreme court.
It appears from the record that, during the pendency
of the action, and on November 26, 1890, the defend-
ants, Downey and Cox, executed a deed to A. H. Clark
for the premises in controversy, subject to a mortgage
to A. B. Pomeroy for $2,000.    After the order was
made granting a new trial, on application of A. H.
Clark and A. B. Pomeroy, it was ordered by the court
that they be made parties defendant to the action, and
that they be allowed to answer within 20 days, to
which order of the court the plaintiff excepted.    The
defendants, Downey and Cox, now move to dismiss,
because Clark and Pomeroy are not made parties to
this proceeding in error.    It was proper for the dis-
trict court to allow Clark and Pomeroy to be made
parties defendant. (Code Civ. Proc. §§ 40, 42.) They
are interested in sustaining the order of the court
granting a new trial, and, having been made parties
in the court below, they are necessary parties here.
(*Bassett v. Woodward*, 13 Kan. 341; *Richardson v. Mc-
Kim*, 20 id. 346; *Paving Co. v. Botsford*, 50 id. 331, 332,
and cases cited; *Norton v. Wood*, 55 id. 559, 40 Pac.
Rep. 911, and cases cited.)

The petition in error will therefore be dismissed.

All the Justices concurring.