LULU DAUGHTERS v. GERMAN-AMERICAN INSURANCE COMPANY OF NEW YORK.

**No. 440.** (62 Pac. 428.)

1. PRACTICE, *Courts of Appeals—Proceedings in Error—Necessary Party.* A party which during the trial, by a proper order of the court, became a coplaintiff in an action wherein a judgment was entered in favor of the defendant for costs *held* to be a necessary party to the proceedings in error.

2. ——— *Jurisdiction to Review—Limitation—Voluntary Appearance.* Jurisdiction to review a judgment complained of in a petition in error, which is invalid by reason of the omission of a necessary party, cannot be conferred or restored, more than one year after the rendition of such judgment, by the voluntary appearance of the omitted party or by the *substitution* of such party as the assignee of the plaintiff's interest in the subject-matter of the action.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed October 15, 1900. Dismissed.

*Humphrey & Hudson,* and *W. W. Padgett,* for plaintiff in error.

*Fyke, Yates, Fyke & Snider,* for defendant in error.

The opinion of the court was delivered by

MILTON, J.: This action was brought by the plaintiff in error upon a fire-insurance policy for $500 issued

by the defendant in error.   In the course of the trial
it developed that after the loss by fire of the insured
property, and prior to the commencement of this ac-
tion, the policy sued upon and another for $1500,
issued by the Queen Insurance Company upon the
same property, had been assigned by the plaintiff to
the First National Bank of Fort Scott, as collateral
security for the payment of indebtedness aggregating
about $1100, owing by the plaintiff's husband, E. J.
Daughters, to the bank.   The record states that
"thereupon, by consent of the parties and of the
First National Bank, said bank is now made a party
plaintiff to this suit, with the agreement on the part
of all interested that the judgment shall bind said
bank as fully as the plaintiff and the defendant
originally named."   The journal entry of judgment
recites : "Thereupon the parties agreed and the court
ordered that the said First National Bank of Fort
Scott, Kansas, be made a party to this action as the
holder of the assignment of the policy in suit, as col-
lateral security for money loaned by it to E. J.
Daughters, and that the trial should proceed without
delay."   Judgment was rendered on January 20, 1896,
in favor of the defendant and against "the plaintiff
for its costs."   The title of the cause was not changed,
and from the journal entry showing the overruling of
the motion for a new trial it appears that Mrs.
Daughters alone filed the motion.   The bank does
not seem to have participated in any of the proceed-
ings subsequent to the judgment.

On March 13, 1900, and after the briefs of counsel
were filed in this court, but prior to the submission of
the case for decision, the bank filed an application to
be substituted as plaintiff in error, the application al-
leging that Lulu Daughters had assigned to the said

bank all her interest in the subject-matter of the action. Accompanying the application is an acknowledged assignment in due form, and dated March 10, 1900, transferring to the bank the plaintiff's rights in the premises. In its brief the defendant in error moved to dismiss the petition in error for various reasons, the principal reason being that the First National Bank, although it was the owner of the policy of insurance sued on, and although the judgment was rendered against it in the district court, did not file any motion for a new trial or except to the overruling of the motion filed by Mrs. Daughters, and did not prosecute proceedings in error from the said judgment, and was not made a party to such proceedings.

"A review in an appellate court is not a natural and inherent right but only exists by authority of law. The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings himself within the requirements of the statute" (prescribing time and manner of removing a case to this court), "he is not entitled to a review." (*Toof v. Cragun*, 53 Kan. 139, 35 Pac. 1103.)

Under the statute, a proceeding for reversing, vacating. or modifying a judgment must be commenced in an appellate court within one year after the rendition of the judgment complained of, except where the person entitled to such proceeding is under legal disability. It was proper for the district court to order the First National Bank to be made a party plaintiff. The bank consented to the making of such order and is bound thereby. The record shows that it was largely interested in the result of the suit. Since it was one of the joint parties plaintiff in the trial court, and therefore a joint party to the judgment for costs in favor of the defendant below, we think

it is a necessary party to the proceedings in error. (*Pierce v. Downey*, 56 Kan. 250, 43 Pac. 223.) The motion to dismiss must therefore be sustained, unless the application to substitute the bank for Mrs. Daughters as plaintiff in error can be properly granted. It is obvious that there must be a valid case pending before the substitution of one party for another in such case can become of any effect. As the case under consideration stands, it is invalid. It follows that the substitution asked for cannot be permitted. Again, if the application to substitute be regarded as a voluntary appearance of the bank as a party in this court, such appearance is unavailing. It comes too late. The case cannot be made valid at this time, and jurisdiction to review it restored, by the addition of a party, either by voluntary appearance or by agreement. It was so held in the case of *Hartzell v. Magee*, 60 Kan. 646, 57 Pac. 502, in which it appears that the summons in error was not served or waived, and no appearance was made by the defendant in error in the supreme court until several years after the judgment was rendered in the district court. The court said :

"A proceeding in error is not in time unless it is brought in one year after the rendition of the judgment sought to be reversed. The judgment in question was rendered on March 25, 1893, and the brief was not filed nor the so-called appearance made until 1898, more than five years after the judgment was rendered. Parties to a proceeding in error cannot by voluntary appearance, or even by agreement, confer upon an appellate court power to hear and determine a proceeding brought after the expiration of the time limited therefor."

See, also, *Smetters & Harris v. Rainey*, 14 Ohio St. 287 ; *Curten v. Atkinson*, 29 Neb. 612, 46 N. W. 91.

The petition in error is dismissed.