Hanson v. Johnston.

---

No. 20,226.

JOHN F. HANSON, *Appellant,* v. WILLIAM A. JOHNSTON, ROUSSEAU A. BURCH, HENRY F. MASON, CLARK A. SMITH, SILAS PORTER, CHARLES B. GRAVES, AND ALFRED W. BENSON, *Appellees.*

SYLLABUS BY THE COURT.

APPEAL—*Not Taken in Time—Appeal Dismissed.* An appeal in an action tried in the district court, in which all the justices of the supreme court are defendants, must be taken in the manner and within the time prescribed by law.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 6, 1915. Division No. 2. Motion to dismiss appeal allowed.

*John F. Hanson,* of Lindsborg, for the appellant.

*James A. McClure,* and *Clay Hamilton,* both of Topeka, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action is heard on a motion to dismiss the appeal for the reason that no notice of appeal was filed with the clerk of the district court, or a copy thereof served upon the defendants or their attorneys, within the time prescribed by statute.

The plaintiff filed his petition in the district court of Shawnee county. November 26, 1910, that court sustained a demurrer to the petition. June 26, 1913, judgment for costs was rendered against the plaintiff, he then insisting that the cause should go to trial on the petition, notwithstanding the judgment on the demurrer. July 14, 1913, the court denied a motion of the plaintiff to strike from the files the journal entry of November 26, 1910. June 5, 1915, the district court denied the petition of the plaintiff for a writ of error to the United States supreme court. June 25, 1915, notice of appeal was served on the defendants, and this notice was filed in the district court the next day. The appeal was filed in the supreme court June 30, 1915.

Was the appeal taken in time? The plaintiff contends that because the defendants were members of the supreme court at the time the action was commenced, and because, until January 12, 1915, there were not enough members of the supreme court who were not parties to constitute a division under the constitutional provision, the statute prescribing the time within which an appeal must be taken did not commence to run until January 12, 1915.

In *Toof v. Cragun,* 53 Kan. 139, 35 Pac. 1103, this court said:

"The appellate jurisdiction of this court is subject to the regulation of the legislature, and unless a party brings himself within the requirements of the statute prescribing time and manner of removing a case to this court, he is not entitled to a review." (Syl. ¶ 1.)

(See, also, *Kansas City v. Dore,* 75 Kan. 23, 26, 88 Pac. 539.)

There is only one court in this state at this time empowered by law to review the proceedings of a district court. That is

the supreme court. Prior to July 1, 1913, an appeal must have been perfected within one year from the date of the judgment or order appealed from (Civ. Code, § 572) ; and since that time an appeal must be taken within six months (Laws 1913, ch. 241). From the judgment sustaining the demurrer the appeal should have been taken within one year; and from the judgment for costs and refusing to go to trial on the petition the appeal should have been taken within six months. From the judgment refusing to strike out the journal entry reciting the judgment on the demurrer the appeal should have been taken within six months.

The plaintiff did not appeal in time. The fact that all the justices of the supreme court were parties defendant during this time does not extend the time within which an appeal may be taken. We do not understand that a writ of error lies from a district court of this state to the supreme court of the United States. That writ lies from this court. There is nothing that can be legally reviewed on this appeal, and it is for that reason dismissed.

WEST and DAWSON, JJ., concurring.