[No. 2934, 2935.    Oct. 14, 1924]

## CLARK v· ROSENWALD et al.

### SYLLABUS BY THE COURT

Where an appellant or plaintiff in error fails to make all interested parties in: the court below parties to the appeal or writ of error, neither the parties to the appeal or writ of error nor the parties omitted from the appeal or writ of error, can, by petition, motion, or otherwise, be made parties to the cause in the Supreme Court after the time which an appeal may be prosecuted from the judgment in the court below has expired.

Appeal from District Court, San Miguel County; Leahy, Judge.

Suit by Lucian Rosenwald and another against the Rosenwald Realty Company, in which John S. Clark, as trustee in bankruptcy of the estates of E. Rosenwald & Son, and others, intervened. Petition of intervention and answers stricken, judgment for plaintiff, and the intervener brings error. On objections to petition of the Rosenwald Realty Company, original defendant in writ, to be joined as party plaintiff in such writ of error, and on motion of plaintiff in error that such company be compelled to become defendant to such writ. Petition dismissed, and motion overruled.

C. W. G. Ward, of East Las Vegas, for plaintiff in error.

C. J. Roberts, of Santa Fe, for defendants in error.

### OPINION OF THE COURT

FORT, J.    A draft of this opinion, substantially in the following form, was prepared by Mr. Justice BRATTON prior to his resignation, and delivered to the undersigned, to be presented to the court after suggested corrections were made.    Having been so submitted and duly adopted by the court, it is herewith set forth as follows:

Lucian Rosenwald and Emma Rosenwald instituted a suit against the Rosenwald Realty Company to re-

cover a personal judgment upon several promissory notes. John S. Clark, as trustee in bankruptcy of the estates of E. Rosenwald & Son, Cecilio Rosenwald, Gilbert E. Rosenwald, and David E. Rosenwald, intervened and pleaded certain defenses to each and all of said notes. On August 18, 1923, his petition in intervention and the answers filed by him were stricken from the files. On September 1, 1923, a judgment by default, dated August 19th, was filed. On February 15, 1924, John S. Clark, trustee as aforesaid, filed his application for a writ of error to review such judgment. The writ immediately issued. On May 12, 1924, Rosenwald Realty Company, the original defendant in the suit, filed its petition for leave to join as a party plaintiff in such writ of error, and on June 5, 1924, the plaintiff in error filed a motion that the Rosenwald Realty Company be compelled to become a party defendant to such writ. Objections to the petition and the motion were filed, upon the ground, among others, that the time for appeal had expired before these proceedings were instituted in this court, and the case is before us upon the issues thus raised.

1. It is apparent that the petition of the Rosenwald Realty Company to become a party plaintiff in error, and the motion of the plaintiff in error that it be compelled to become a party defendant in error, were both filed after the time allowed by law within which a writ of error could have been sued out, or an appeal have been taken. Section 1, c. 43, Laws 1917. The question presented is whether or not omitted parties may be brought before the court by either of these methods after the time allowed by law for suing out a writ of error from the judgment in the district court has expired. Plaintiff in error, in support of his right to have new parties made in the Supreme Court, upon the petition and motion filed herein, relies upon section 14, c. 43, Laws 1917, which provides:

"Persons may be substituted as parties or compelled to become parties in cases pending in the Supreme Court in like

time and manner ;and with like effect, as provided for in
original suits in district courts."

Three cases were discussed in the argument in this
court upon the question now under consideration, and
in support of the contention of plaintiff in error. Wat-
ters v. Treasure Mining Co. et al., 21 N. M. 275, 153
P. 615, Baca v. Board of Commissioners, 21 N. M.
713, 158 P. 642, and Baca v. Coury, 27 N. M. 275,
199 P. 1015. It was conceded that in the Baca Case
the application to add new parties in this court was
made after the time allowed by law to appear from
the judgment in the district court had expired, and
that in the other two cases the application was made
prior to the expiration of such time. While this is
true as to the Baca Case, it will appear from an ex-
amination of that decision that the question here pre-
sented was neither considered nor decided in that case,
and for this reason that decision has no real bearing
upon the point now before the court. Under these
decisions, there is no question of the right to bring
in new parties in the Supreme Court, upon appeal in
a proper case and in due time. Section 1, c. 43, Laws
1917, provides the time within which any party to a
final judgment in the district court may appeal there-
from to the Supreme Court, and in this respect writs
of error are similar to appeals. Section 4, c. 43,
Laws 1917. As to parties omitted in the original
appeal, the proceeding is an entirely new appeal, and
proper steps must be taken to bring such parties
before the appellate court wthin the time allowed by
law for appeal, as otherwise the statute limiting the
time within which an appeal may be taken would be
nullified. The following rule, laid down in Elliott
on Appellate Proc. § 162, is approved and adopted by
this court as the correct rule in such cases:

"It is not consistent with principle, nor with the rules
essential to the orderly and effective administration of justice,
that one who prosecutes an appeal should be permitted to
negligently delay the bringing in of necessary parties until
after the expiration of the time designated by law as that
within which the right to appeal exists. ***Where a right
is given to a party upon the condition that he exercise it

within a fixed time, he must exercise it within that time, or it will be lost. It is therefore correctly held that all necessary parties must be brought in within the time fixed by law, or the appeal will be dismissed."

This rule is supported by the following authorities: 2 R. C. L. p. 66; Cornell v. Franklin 40 Fla. 149, 23 So. 589, 74 Am. St. Rep. 131; National Bank of Lancaster v. Newheart, 41 Fla. 470, 27 So. 297; Queen v. Lipinskey, 17 Ind. App. 700, 45 N. E. 617; Bridge v. Main Street Hotel Co., 62 Kan. 866, 61 P. 754; Daughters v. German-American Insurance Co., 10 Kan. App. 458, 62 P. 428; Smith v. Craft (Ky.) 58 S. W. 500; Andres v. Kridler, 42 Neb. 784, 60 N. W. 1014; Hight v. Batley, 32 Wash. 165, 72 P. 1034, 98 Am. St. Rep. 851; Sanders v. Hart, 35 Okl. 212, 130 P. 284.

For the reasons stated above, the objections to the petition of defendant to be made a party plaintiff in error, and to the motion of plaintiff in error that the defendant be made a party defendant in error, are sustained, and said petition is dismissed and said motion overruled; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.