[Nos. 2934, 2935. Dec. 23, 1925. Writ of Error Dismissed April 7, 1926. Second Motion for Rehearing Denied June 15, 1926.]

CLARK v. ROSENWALD et al.

[247 Pac. 306.]

SYLLABUS BY THE COURT

1. In a suit against a corporation upon promissory notes, one claiming to be a majority stockholder asserted and was denied the right to intervene and make, in the corporation's behalf, a defense which the corporation itself, it was claimed collusively, refused to make. After denial of intervention, judgment was rendered against the corporation by default upon the notes. A writ of error was sued out to the order denying intervention, but the order was not superseded. **Held:** (1) After disposing of the petition to intervene, there was no obstacle to the entry of the money judgment. (2) The time within which the trial court could entertain any motion directed to that judgment,

[1] 3CJ p. 1265 n. 10; p. 1273 n. 59; 4CJ p. 578 n. 3; 34CJ p. 255 n. 85; p. 260 n. 1; p. 430 n. 92; p. 431 n. 2. [2] 3CJ p. 1277 n. 83; p. 1278 n. 88; p. 1294 n. 19; p. 1308 n. 86; p. 1315 n. 32. [3] 31Cyc p. 520 n. 19. [4]3CJ p. 1206 n. 92.

for its vacation or modification, having elapsed, there is no longer jurisdiction over it. (3) Since it would be futile to reverse the order denying intervention, unless the money judgment can be vacated, the writ of error should be dismissed.

### On Motion for Second Rehearing.

2. Under Laws 1917, C. 43, § 17, all final judgments may be superseded, whereupon all further proceedings in the case are stayed.

3. Under Code 1915, § 4298, an intervening party may not demand time to file an intervening petition if the granting of the time would delay hearing.

4. One whose petition in intervention was stricken applied for writ of error. The writ issued was directed to error intervening in the judgment rendered in the main case to the damage of the defendant. **Held:** Such writ did not bring up for review the order striking the intervention.

Action on notes by Lucien Rosenwald and another against the Rosenwald Realty Company, in which John S. Clark, trustee in bankruptcy of Cecilio Rosenwald and others, individually and composing the partnership of E. Rosenwald & Son, applied to be allowed to intervene and answer the complaint. Judgment for plaintiffs against the defendants by default, and, after an order denying him permission to intervene, John S. Clark brings error. Writ of error dismissed on rehearing.

C. W. G. Ward, of East Las Vegas, and J. O. Seth and C. R. McIntosh, both of Santa Fe, for plaintiff in error.

.C. J. Roberts, of Santa Fe, for defendants in error.

PER CURIAM. Plaintiff in error, in his brief on the motion for rehearing, calls attention to the fact, which we had overlooked, that at the oral argument he announced that he was willing to abandon the writ of error, No. 2934, which goes to the final judgment. In the reply brief defendants in error, in view of this, ask that an order be entered dismissing that writ. Such order will therefore be entered.

In view of the fact that confusion has crept into the discussion, by reason of there having been two writs

of error from separate judgments, we deem a rehearing and reconsideration desirable upon the motion to dismiss the writ of error in No. 2935. The motion for rehearing will therefore be granted.

### OPINION OF THE COURT

WATSON, J. Lucien Rosenwald and Emma Rosenwald commenced suit June 7, 1923, in the district court of San Miguel county against the Rosenwald Realty Company, a corporation, upon the promissory notes of the latter, given to the former, aggregating more than $40,000. Process was served upon Cecilio Rosenwald, president of the corporation, but the corporation never appeared or answered, and judgment for the full amount claimed was taken against it by default September 1, 1923.

[1] Prior to the rendtion of judgment, John S. Clark, trustee in bankruptcy, applied to be allowed to intervene and answer the complaint, which application was denied by order entered in the cause August 18, 1923. By his petition and proposed answer, he alleged, in substance, that he was duly appointed, qualified, and acting trustee in bankruptcy of Cecilio Rosenwald, David E. Rosenwald, and Gilbert E. Rosenwald, individually, and as composing the copartnership of E. Rosenwald & Son, and that as such trustee he held title to 713 of the 750 shares of the capital stock of the defendant corporation. As a proposed defense to the complaint, he alleged that the promissory notes in question were given, not for the benefit of the defendant corporation, but for the benefit of, and that the proceeds were distributed among, the said Cecilio Rosenwald, David E. Rosenwald, and Gilbert E. Rosenwald, the said bankrupts, who were and had been the directors of the defendant corporation, and that the giving of said notes was ultra vires the corporation. Justifying his application to intervene and answer, he alleged, in substance, that he had made demand upon said Cecilio Rosenwald, president of said corporation; that the corporation interpose its defense in said suit; that the said corporation had failed, neglected, and

refused so to do; and that the said Cecilio Rosenwald, being the only officer or director of said corporation within the state of New Mexico, had connived with plaintiffs to permit and procure a collusive judgment to be rendered in favor of the plaintiffs against the corporation without any defense being made.

In the judgment rendered against the corporation, there was incorporated an order allowing an appeal to said trustee and a provision staying execution upon said judgment pending appeal. The trustee having failed to file a cost bond within the time prescribed by law, said appeal was docketed in this court and dismissed upon motion of the appelles, Lucien Rosenwald and Emma Rosenwald, and the cause remanded to the district court, with instructions to enforce its judgment. Thereafter said trustee sued out of this court two writs of error, the one, No. 2934, upon the money judgment against the corporation, and the other, No. 2935, upon the order denying the intervention. For convenience, the parties will be hereinafter referred to as plaintiffs, defendant, and trustee, respectively.

After the allowance of said writs of error, and after the expiration of the time for the taking of appeal or suing out of writ of error, the trustee moved in this court that the defendant be made a party defendant to said writs, and the defendant itself petitioned for leave to join as a party plaintiff in such writs. Both the motion and the petition were denied. John S. Clark, Trustee in Bankruptcy, v. Lucien Rosenwald and Emma Rosenwald, 230 P. 378, 30 N. M. 175. The cause was then submitted upon plaintiffs' motions, which were argued together, to dismiss the two writs. We handed down an opinion November 6, 1925, denying both of these motions, but reserving certain of the questions raised for consideration when the cause should be heard on the merits. A motion for rehearing was then made, during the consideration of which the trustee consented to the dismissal of writ of error No. 2934, directed to the money judgment. An order was

thereupon made in this court dismissing the said writ of error, and granting rehearing upon the motion to dismiss writ of error No. 2935, directed to the order denying intervention.

The dismissal of the one writ of error renders unnecessary and inapplicable much that was said in our former opinion, and the same will therefore be withdrawn.

A number of interesting and important questions are raised in the briefs. One of them seems to be decisive of the motion, and the others need not be decided.

It is conceded by all that, if any effective or substantial relief is to be had by the trustee from this court, it must be such as will result in the reversal of the money judgment. A reversal of the order sought to be reviewed by the writ remaining before us would be futile, unless it carries with it the right to be instated in the case and to litigate the question of defendant's liability upon the notes. Plaintiffs contend that the judgment adjudiciating the question of liability has passed beyond the jurisdiction of the courts, and that no power resides anywhere to reverse, vacate, or modify it.

A final judgment by default may be set aside upon good cause shown upon motion filed within 60 days after its entry. Code 1915, § 4227. A final judgment may be set aside for irregularity, on motion filed within one year after its rendition. Code 1915, § 4230. It may be set aside within 30 days after its entry under the general statutory control reserved to the district courts by Laws 1917, c. 15, § 1. A trial court, except in cases included within the foregoing statutory provisions, is without jurisdiction to entertain a motion directed to a final judgment. Queen v. McKissor, 193 P. 72, 26 N. M. 404. This court is without jurisdiction over judgments except in case of appeal taken, or writ of error sued out, within the statutory time. Jordan v. Jordan, 218 P. 1035, 29 N. M. 95.

How, then, is the money judgment to be made to yield to a possible reversal of the order denying intervention? Counsel for the trustee say that the court can "adjust its decree so as to do justice to all," but he fails to point out in what manner this may be done, or by what authority.

Counsel for the trustee contend that plaintiffs are in no position to complain if in some manner the money judgment is made to yield to a reversal of the order denying intervention, because they "proceeded to take this judgment against Rosenwald Realty Company in the face of a possible appeal from the judgment denying the trustee leave to intervene without waiting for the time to expire within which such appeal could be taken." The implication is that plaintiffs, after the denial of the intervention, were compelled to sit by for six months before taking judgment against the defendant, awaiting the decision of the trustee as to whether he would appeal. Supersedeas is provided for by Laws 1917, c. 43, § 17. In the absence of supersedeas, we know of nothing to prevent the plaintiffs from proceeding to judgment and execution. If it were admitted, however, that plaintiffs were not in a position to complain, it must still be admitted that, if it is a jurisdictional matter, as it seems to be, even ther acquiescence would be unavailing.

Counsel for the trustee also urge that the plaintiffs proceeded at their peril to take judgment against the corporation. No doubt they did. But it seems to us that, when jurisdiction to vacate, modify, or reverse the judgment ceased, the peril ceased. In contending thus, counsel doubtless had in mind interventions of a somewhat different sort. If one sought and were denied the right to intervene to lay claim to specific property or funds, the subject-matter of litigation between other parties, the plaintiff in such a case would, thereafter, during the time allowed for the appeal, probably proceed at his peril to dispose of the property, and a third person would doubtless purchase at his peril. But this case is different. There is but one

question of substance—the liability of the corporation
on the plaintiffs' notes. The trustee sought to step
into the shoes of the corporation and defend against
that asserted liability. This question of liability was
adjudicated. Judgment against defendant on the
notes could not be rendered while the petition to in-
tervene was pending. That petition having been dis-
posed of, there was no obstacle to proceeding to final
judgment. If the trustee desired to preserve his right
to review the order denying intervention, he should
in some manner have stayed the entry of final judg-
ment; or, if final judgment was entered irregularly or
erroneously, he should have taken such steps that
jurisdiction might have continued in some court to
vacate, modify, or reverse it.

Whether the order sought to be reviewed was final
or interlocutory, and whether the defendant was a
necessary party in this court, are questions ably and
exhaustively discussed by counsel. In our view their
consideration is unnecessary. The fatal weakness of
the trustee's situation is that the money judgment
against the defendant corporation, which it was his
ultimate and sole purpose to avoid, has been allowed
to pass beyond the jurisdiction of the courts. His
petition to intervene once stood as a bar to the rendi-
tion of such a judgment. The bar was let down when
the lower court finally denied the petition, and the
way was thus cleared for the judgment against the
defendant. He then had presented to him the ques-
tion whether he should seek review of the order deny-
ing intervention or whether he should merely except
to it and seek review of the judgment against the
defendant corporation. Which course was proper
practice, or whether both were open to him, we do not
decide. He is in the position of having chosen the
former. To make that course effective he required a
supersedeas of the order denying intervention in order
that it might be continued or restored as a bar to the
rendition of the judgment against the defendant.
Without supersedeas, we see nothing to prevent the

rendition of the judgment and nothing to prevent its passing with time beyond control of the courts.

Concluding that the money judgment against defendant corporation is now beyond the reach of the courts, and that, under that condition, a reversal of the order denying intervention would constitute no substantial or effective relief to the trustee, we sustain the motion to dismiss the writ of error, and it is so ordered.

PARKER, C. J. and BICKLEY, J., concur.

On Motion for Second Rehearing.

WATSON, J.  In the foregoing opinion we referred to the judgment sought to be reviewed as one denying an application to intervene.  This is not strictly correct.  Without setting forth all the numerous and somewhat confusing motions and orders, it is more accurate to say that, in legal effect, the action particularly complained of is an order striking the trustee's petition to be allowed to intervene and proposed answer. upon a motion attacking their sufficiency, both as a showing of a right to intervene and as a defense to the cause of action set forth in the complaint.

[2.]  The point is made by the trustee that, being self-executing, he could not supersede the same.  He cites 3 C. J. ''Appeal and Error,'' § 1400, to the effect that it is generally held that self-executing judgments are not within the supersedeas statute, because there is nothing upon which the stay bond can operate in such a case.  The whole matter, however, is regulated by statute in this jurisdiction.  Section 17 of chapter 43, Laws of 1917, provides that there shall be no supersedeas or stay of execution unless the conditions as to filing bond are complied with.  It also provides that, if the decision appealed from is for a recovery other than a fixed amount of money, the district court shall fix the amount of bond, and specifies the condition of the bond in such case. It further provides that, upon filing the bond required, there shall be a stay

of proceedings in the case until the same is finally determined in the appellate court. Under the terms of this statute, it would appear that all final judgments may be superseded, and, when so superseded, all further proceedings in the case are stayed. That the judgment is final we have assumed for the purposes of the decision. The trustee so contends. If interlocutory, he would have no standing, as his writ of error would be too late.

Counsel for the trustee argue that the statute could not apply in a case like this because there was no "recovery" in the sense in which the word is used in the section. This is a paplpable error. The plaintiff certainly recovered a judgment against the trustee that he was not entitled to intervene. We conclude, therefore, that the trustee might have superseded the judgment striking his intervention. Had he done so, no judgment on the notes could have been rendered.

[3] 2. Counsel for the trustee does not now contend that the plaintiff was without right to proceed to final judgment or even to enforce the judgment by execution. In fact, he expressly concedes such right. He contends, however, that, should he succeed in reversing the judgment striking his intervention, and should he succeed in establishing the defense set up therein, the trustee will be entitled to the usual restitution from the plaintiff of the proceeds of the judgment received by him. Hence, he argues, we cannot dismiss the appeal on the ground that the question has become moot because no relief can be afforded the trustee. Counsel cites 2 R. C. L. "Appeal and Error," § 223, and several cases. This text and these cases all refer to interlocutory judgments upon which the final judgment in the case depends for its correctness. None are cases involving a denial of the right to intervene, and none have been cited or found by us.

In approaching this question, it is well to remember that the right to intervene in the action at law by a third party is a statutory right, and can be secured

only in accordance with the terms of the statute. Our statute is sections 4296—4298, Code 1915. Section 4296 provides that the intervention must be made before the trial begins, and must be by a person who has an interest in the matter in litigation, in the success of either of the parties, or against both. By section 4298 it is provided that the intervention is to be by petition setting up the facts relied upon, and by section 4297 the intervention is to be determined at the same time that the main case is decided, and that the intervener shall have no right to delay the case. It is thus seen that the right to intervene is not absolute, but is conditioned as to time, and must not delay the trial. The proceeding is collateral to the main case.

In the present case, final judgment on the notes might be had as well without the intervention as with it. By the judgment striking the intervention, no right was established in favor of the plaintiff upon which the money judgment depended for its validity, or which was embodied therein. In such a case a reversal of that judgment will have no effect upon the money judgment, and no relief can be afforded the trustee here. He had his remedy by appeal and supersedeas, and he failed to avail himself of the latter, and is therefore without a remedy in this court.

There is another consideration which prevents this court from affording the trustee any relief. After the striking of his petition and answer, the trustee moved to set aside the default in order that he might file an amended petition and answer, asking for 5 days to plead further as an intervener. In view of the provision of the statute that the intervener shall have no right to delay the hearing of the case, it was at least within the court's discretion to overrule this motion.

[4] Another consideration is fatal to the writ of error. A re-examination of the files discloses the astonishing fact that there is no writ of error directed to the judgment complained of. In the application for the writ, the judgment, to which a

writ of error was sought, is pointed out as a judgment refusing the plaintiff in error leave to intervene and to file an answer in the cause, and striking from the files said petition and answer. This application was filed on behalf of John S. Clark, trustee in bankruptcy. The writ of error issued in response to that application, however, is directed to the main judgment in the case upon the notes sued on and is for the correction of error alleged to have intervened to the damage of the Rosenwald Realty Company; no mention therein being made of the judgment on intervention, or of error to the damage of John S. Clark, trustee, the plaintiff in error. It thus appears that, while we have devoted considerable time to the examination of the question heretofore presented in the case, we have never had before us the judgment denying the right to intervene. The proceeding should have been long ago dismissed for this reason. There is no writ of error here in behalf of John S. Clark, trustee in bankruptcy, who is the complaining party.

It follows that the writ of error should, as we heretofore held, be dismissed, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.