50 P.(2d) 852

STATE ex rel. SHUFELDT v. ARMIJO, Judge.

No. 4123.

Supreme Court of New Mexico.

Oct. 15, 1935.

Rehearing Denied Nov. 18, 1935.

J. O. Seth, of Santa Fé, Waldo Spiess, of Las Vegas, and J. R. Modrall, of Santa Fé, for relator.

H. E. Blattman, of Las Vegas, for respondent.

ZINN, Justice.

This is an original proceeding in prohibition. Relator seeks to prohibit respondent from proceeding in a pending cause as presiding judge of the Fourth judicial district. An affidavit was filed pursuant to Laws 1933, c. 184, disqualifying respondent. Subsequent to the filing of the affidavit, the respondent entered an order declining to disqualify.

To our alternative writ and order to show cause, the respondent filed his response. Respondent contends that he has not been disqualified by the filing of the affidavit by relator. Respondent's contention is that said affidavit was not timely filed in said cause because certain important issues had been, prior thereto, submitted to and decided by respondent, either upon stipulation or without objection of relator, viz., continuance of hearing of order to show cause why the temporary injunction should not remain in force until hearing upon merits; modification and continuance of temporary injunction until further order of the court.

Respondent also urges upon us the fact that in the hearing and trial of contempt proceedings arising out of said cause and the settling of bill of exceptions, extensions of time for filing transcript and other orders entered in connection with appeal of said contempt proceedings, and proceedings had and orders entered in said contempt cause, without objection being made to said respondent sitting in the trial of said contempt cause, that thereby relator submitted himself to the jurisdiction of the court to preclude relator from now complaining.

We need not concern ourselves with the question of whether or not the respondent's judicial acts in the contempt pro-

ceedings arising out of the main case preclude relator herein from filing his affidavit of disqualification in the lower court. We deem it abandoned by respondent. As a result of such abandonment, it becomes unnecessary to determine in this case whether the case of State ex rel. Simpson v. Armijo, 38 N. M. 280, 31 P. (2d) 703, 704, settles the question that the contempt proceeding, and orders in connection with the appeal thereof, being a new, independent, and separate proceeding, is not such a submission as would affect the timeliness of the filing of the affidavit of disqualification in this case.

The controlling question in this case, and which, from respondent's brief, he recognizes as being controlling, is simply this: Can a litigant in a cause pending in the district court in a civil action wherein the following proceedings have been had in said cause, to wit, complaint praying for an injunction, order, temporary injunction and order to show cause, an order on stipulation of the parties continuing the hearing subject to a setting of the date of hearing upon written notice served on opposing party, an order continuing the hearing until August 21, 1934, which order recites that it is made upon agreement and upon motion of all parties, file his affidavit of disqualification in that case? In other words, was the affidavit of disqualification timely filed?

In the case of State ex rel. Simpson v. Armijo, District Judge, supra, we said: "The statute contemplates a timely filing of the affidavit. State ex rel. Hannah v. Armijo, supra. [38 N. M. 73, 28 P.(2d) 511]. As to what is a timely filing, must be determined from the circumstances in each case. Section 1 is silent as to when such affidavit must be filed. It merely provides that such affidavit is to be filed in any action or proceeding, civil or criminal, which is 'to be tried or heard.' It clearly contemplates an action or proceeding to be tried or heard at some future time subsequent to the institution of the action or proceeding. As to cases which are at 'issue,' the statute is clear. Section 2 is a limitation. When a case is at issue and is to be heard or tried at a term of court, such affidavit must be filed not less than ten days before the beginning of the term. This apparently is provided to prevent postponements and disruption of terms of court, whether regular or special, by eleventh hour filing of affidavits of disqualification."

Respondent contends that in the instant case because he had rendered and entered certain orders with the consent and knowledge of the relator, the relator is precluded from complaining thereafter by filing an affidavit of disqualification. The specific instance pointed to by respondent is the order entered July 19, 1934, which modified the temporary injunction and determined the rights of the litigants until the final determination of their rights. This order was expressly agreed to and approved by all the attorneys for plaintiffs and the defendants.

The respondent argues that if his impartiality was good for that purpose by which the relator obtained some right, advantage, or benefit, then the respondent's impartiality should be good for all purposes, for to hold otherwise would open the door to litigants who seek an advantage of this court rather than justice.

With this argument we agree. However, his premise is wrong. An examination of the record discloses that every order of the court was either done ex parte or on agreement. At no time was the respondent called upon to determine any litigated matter. Whatever right or advantage relator may have secured was upon agreement with the opposing party and not as the result of any ruling of the court on a contested motion or pleading.

The relator contends that our disqualification statute makes no distinction between law and equity cases, nor does it by its terms contemplate a filing of the affidavit of disqualification before any proceedings are had, but rather the contrary, that the case should be at issue, hence relator contends it contemplates that before the filing of the affidavit all preliminary matters should have been submitted. The affidavit filed in this case was filed before the case was at issue on the merits. If the preliminary matters are not contested or litigated, we agree with relator, but not otherwise.

In the Simpson Case, supra, we indicated that our statute contemplates a timely filing of the affidavit to be determined from the circumstances in each case. The difficulty of application arises when we begin to consider the time in the course of the action or proceeding at which the invocation of it may be made. Let us look to the statute authorizing the filing of this affidavit. Laws 1933, c. 184. Section 1 thereof provides for the filing of an affidavit of disqualification upon information and belief by any party in any action or proceeding. There is nothing in section 1 of the statute which gives any indication of the time when said affidavit should be filed. Section 2 of the statute deals only with the time of filing said affidavit of disqualification, and reads as follows: "Section 2. Such affidavit shall be filed not less than ten (10) days before the beginning of the term of Court, *if said case is at issue.*" (Italics our own.)

In the Simpson Case, supra, this court, in discussing this statute, said: "It clearly contemplates an action or proceeding to be tried or heard at some future time subsequent to the institution of the action or proceeding. As to cases which are at 'issue,' the statute is clear. Section 2 is a limitation. When a case is at issue and is to be heard or tried at a term of court, such affidavit must be filed not less than ten days before the beginning of the term. This apparently is provided to prevent postponements and disruption of terms of court, whether regular or special, by eleventh hour filing of affidavits of disqualification."

■ We have, therefore, by the terms of section 2 of our statute, a time limit for filing of affidavits in cases to be tried at a term of court, whether such cases be civil or criminal. We can also see by the wording of section 2 of this statute that the Legislature contemplated such being at issue before the affidavit of disqualification was filed. This does not necessarily contemplate, as contended for by relator, that an appearance, all pleadings, motions, etc., which are necessary to bring a case to issue shall have been submitted before the filing of the affidavit. On the contrary, we believe that under chapter 184, a litigant cannot experiment with the judge presiding over the case, and, upon encountering an adverse ruling, conclude to file his affidavit of prejudice. The affidavit must be directed at the judge "before whom the action or proceeding is to be tried or heard." Section 1. A hearing is contemplated. Whether such hearing be on a motion, demurrer, plea, or answer is immaterial. It is a hearing on an "issue." In a broad sense, a hearing includes every step therein where the judge is called upon to rule for or against any party to the cause. It is the judicial examination of the "issue" in the broad sense that is contemplated by chapter 184.

■ We hold that an affidavit of prejudice is timely made if filed and called to the attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made. We cannot permit a litigant to test the mind of the trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge. The plunge into the pool of litigation with an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling.

Respondent in his brief refers to a line of cases from Washington, Oregon, and Kentucky to sustain his position that a person may not submit any preliminary matters to a trial court before he files an affidavit of disqualification against the presiding judge. The Washington, Oregon, and Kentucky statutes on which the cases cited by respondent are based are not the same as the New Mexico statute.

In one of the cases cited by the respondent to support his contention that a judge cannot be disqualified because of an untimely filing of the affidavit it will be clearly noted that the court has ruled on a litigated matter. We quote from the cited case of State ex rel. Johnson v. Circuit Court for Deschutes County, 114 Or. 6, 233 P. 563, 564, 234 P. 262, which respondent contends supports his position. The Oregon court said:

"In State ex rel. v. Clifford, 65 Wash. 313, 118 P. 40, the Supreme Court of that

state held that the statute, which is almost word for word like ours and from which ours was taken, should be so construed that a party shall not be 'allowed to speculate upon what rulings the court will make on propositions that are involved in the case and, if the rulings do not happen to be in his favor, to then for the first time raise the jurisdictional question.'

"In that case, all the court had done before the affidavit of prejudice was filed was to deny an application for postponement; yet that was enough to prevent the operation of the affidavit. Much greater is the reason for a like ruling in this case, where the plaintiff waited until the cause had been once tried before the judge whose qualification was thus tardily attacked. And again in State ex rel. v. Superior Court, 114 Wash. 335, 195 P. 25, the same court reviews the precedents in that state and concludes that where any decision has been made by the trial court, it is too late to file an affidavit of the kind herein questioned. The precept is thus stated there:

"'The point we wish to emphasize is that a motion for a change of judges supported by an affidavit of prejudice, is timely made if filed and called to the attention of the court before it has made any ruling whatsoever in the case, either on the motion of the party making the affidavit or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made.'

"In Harju v. Anderson [111 Or. 414], 225 P. 1100, the late Mr. Justice McCourt, considering a similar situation, quoted the above excerpt and went on to say:

"'The foregoing rule announced by the Washington court conforms to the accepted ideas of practice and fairness, and we approve the same for application in this state in respect to circuit courts in counties like Clatsop county, where there is no presiding judge who hears motions and demurrers, and assigns cases to the other departments of the circuit court for trial.'

"Here the petitioner for the writ seems to have experimented with the court presided over by Judge Duffy and, having encountered an adverse ruling, has concluded to file his affidavit of prejudice, but according to the construction of an identical statute by the Supreme Court of Washington and adopted by this court in Harju v. Anderson, supra, his affidavit came too late and presented no question calling for the operation of the statute upon which the petitioner relies."

This case so clearly demonstrates our views and we deem the reasoning of this court so persuasive as to adopt it as a reflection of our views.

Respondent also quotes in full a memorandum opinion by Justice Watson, who, while Chief Justice of this court, denied an application to designate a judge to try a cause after the filing of an affidavit of disqualification. The respondent contends that this memorandum opinion of Justice Watson supports his view. We see in the

reasoning of Justice Watson full support for the rule herein enunciated rather than that contended for by respondent. We take the liberty of quoting therefrom. In this memorandum, this distinguished jurist said: " \* \* \* I think it too late to resort to this particular means of disqualifying a judge, after the party has already submitted to his ruling an important question in the case. It is not the purpose of this statute, as I conceive it, to enable a party originally satisfied with the impartiality of a judge, to oust him from the case because disappointed in a ruling. To interpret the statute as permitting this would be at least as perversive of the course of justice as the evil really aimed at."

At no time was the court called upon to judicially determine any contested matter in the case which the relator is seeking to prohibit the respondent from sitting. The respondent at no time had to determine any issue for the plaintiff therein as against the relator (defendant in said case), or vice versa. We cannot find wherein the relator tested the ruling of the trial judge and drew fire in the form of an adverse ruling and then decided to disqualify the judge. The two orders relied on by respondent to preclude relator from filing an affidavit of disqualification were entered by consent of all parties to the action in the lower court. There had never been any adverse or favorable ruling on any contested or litigated motion, demurrer, or plea.

For the reasons given, the writ of prohibition heretofore issued will be made permanent.

It is so ordered.

SADLER, C. J., and HUDSPETH, and BICKLEY, JJ., concur.

BRICE, J., not participating.