**60 P.(2d) 353**

**STATE ex rel. TITTMANN v. HAY.**

No. 4234.

Supreme Court of New Mexico.

July 28, 1936.

Edward D. Tittmann, of Hillsboro, for petitioner.

Quincy D. Adams, Asst. Atty. Gen., for respondent.

BICKLEY, Justice.

Petitioner prays our writ of prohibition to permanently restrain Hon. George W.

Hay, sitting as judge of the Seventh judicial district, by designation of Mr. Chief Justice SADLER, from taking any further proceedings in an action brought by the state of New Mexico against Mr. Edward D. Tittmann, petitioner.

It appears that the action was commenced in the district court of Sierra county, of which court Hon. Harry P. Owen is the duly elected judge.

Judge Owen, on petition of the Attorney General representing the state of New Mexico, issued an order requiring the petitioner here to show cause why he should not be restrained from practicing law because of his alleged failure and refusal to pay a tax said to be due to the state on the law practice of Mr. Tittmann, the defendant in said cause.

Prior to the date for hearing on said order to show cause, said defendant filed a demurrer in answer to said order and a brief in support thereof and sent copies of said pleading and brief to the Attorney General. About a month afterwards, the Attorney General filed an affidavit of disqualification of Judge Owen, pursuant to the provisions of chapter 184 Laws 1933, entitled: "An Act Providing for the Disqualification of District Judges from Presiding Over the Trial of a Civil or Criminal Case Where Any Party to the Cause Files An Affidavit Objecting to Such Judge, and Providing a Method for Selecting Another District Judge to Try Such Cause."

A copy of said affidavit of disqualification was sent by the Attorney General to Mr. Tittmann with a letter asking him to agree on another judge, which Mr. Tittmann did not do, and thereafter Mr. Chief Justice SADLER, being duly advised of the situation, designated the judge of the Sixth district, Hon. George W. Hay, to try said cause.

In his petition for writ of prohibition and argument in support thereof, it is urged that the statute was not intended to embrace the state of New Mexico within the phrase "a party to any action or proceeding, civil or criminal."

Petitioner asserts that it is unthinkable that a judge could be prejudiced against the state in a cause in which it is a party. With commendable candor, however, he calls our attention to authorities contrary to his views. It is true that the natural feeling of loyalty to the state very likely to exist in the conciousness of public servants, argues that it is rare that a judge would be prejudiced against the state as a party to a lawsuit, yet among the cases cited by the petitioner is State ex rel. McAllister v. Slate, 278 Mo. 570, 214 S.W. 85, 8 A.L.R. 1226, where a judge, shown to be incensed at the state's attorneys because of his belief that they had instigated newspaper articles reflecting upon him, was held to be disqualified and prohibited by the Supreme Court upon the petition of the Attorney General from hearing a cause in which the state was a party. The court also held that if a

judge becomes prejudiced in a case, the cause of the prejudice, and whether it is warranted or not, are immaterial upon the question of his disqualification to sit.

Section 18 of article 6 of the Constitution would doubtless warrant the state's attorneys in objecting to a judge sitting in the trial of a cause in which the state is a party, if such judge is related to the defendant by affinity or consanguinity within the degree of first cousin, or where such judge had been counsel for the defendant on some phase of the case, or if the judge has an interest in the case. Other causes of prejudice might exist but we need not speculate.

In the case of State v. Holloway, 19 N.M. 528, 146 P. 1066, L.R.A.1915F, 922, it was decided that a change of venue might be granted on application of the state where it felt that it could not obtain a fair trial in the county where the case was pending.

The language of the statute itself is not favorable to petitioner's contention. It says: "Whenever a party to any action or proceeding, civil or criminal, shall make and file an Affidavit," etc. Laws 1933, c. 184, § 1.

In a criminal case there are two parties; the state as plaintiff, and the accused as defendant. If the Legislature intended that in a criminal case a "party" defendant was the only party having the right to disqualify the judge, it would doubtless have said so. We find this contention of petitioner to be without merit.

Petitioner also urges that the affidavit was filed too late.

In State ex rel. Shufeldt v. Armijo, 3' N.M. 502, 50 P.(2d) 852, 855, we said that the statute contemplates a timely filing of the affidavit to be determined from th. circumstances in each case, and that th. difficulty of application arises when we begin to consider the time in the course o, the action or proceeding at which the invocation of it may be made. We also said "We hold that an affidavit of prejudice is timely made if filed and called to th. attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice otherwise it is not timely made." We also indicated that the case may be "at issue" within the contemplation of this statute on a motion, demurrer, plea, or answer. We quoted with approval from a memorandum of former Mr. Chief Justice Watson, given in the course of his consideration of his authority to designate the judge of some other district upon the facts presented in connection with a disqualifying affidavit, as follows: "I think it too late to resort to this particular means of disqualifying a judge, after the party has already submitted to his ruling an important question in the case. It is not the purpose of this statute, as I conceive it, to enable a party originally satisfied with the impar

tiality of a judge, to oust him from the case because disappointed in a ruling. To interpret the statute as permitting this would be at least as perverse of the course of justice as the evil really aimed at."

■ On February 20th of this year, Mr. Chief Justice Sadler upon the occasion of the presentation to him of an affidavit seeking to disqualify the district judge within and for Colfax county of the Eighth judicial district in the case of First National Bank of Trinidad v. Spriggs, rendered a memorandum opinion to the following effect: "Timeliness is determined not so much by the fact that the resident judge has actually ruled upon a litigated or contested matter after notice by or to the party invoking the statute, as it is by the circumstance that said party has elected to submit to him for ruling some litigated or contested matter. And the character of the ruling made is wholly unimportant. The decisive consideration is whether the party now invoking the statute has submitted the matter to the judge for ruling."

It will be noted that this is ground taken somewhat in advance of that taken by this court in the Shufeldt Case, supra, and we think is a correct interpretation of the statute.

■ Petitioner contends that because the state through its Attorney General had failed to file the disqualifying affidavit before he (the defendant) had filed his demurrer to the state's complaint and a brief in support thereof, which were served upon the Attorney General, the affidavit was filed too late. In the petition for the writ of prohibition, the petitioner says that: "By filing said demurrer and submitting said brief the relator (petitioner) had submitted his cause to the said District Judge as required in said order to show cause." In said petition he also asserts as a conclusion of law that: "Said cause No. 2658 had, at the time said affidavit of disqualification was filed in said cause, already been submitted to the Hon. Harry P. Owen, in accordance with his order, and that therefore the said affidavit of disqualification was not filed within the time contemplated by the statute."

This argument fails to differentiate between the case being "at issue" and being submitted. That it is not too late for a party to make and file an affidavit *after* a case is "at issue" is plainly indicated by the language of the statute, which preserves the right to file such affidavit after the case is at issue provided it is filed not less than ten days before the beginning of the term of court. Perhaps the filing by petitioner of a brief in support of his demurrer was a submission as far as he was concerned, but the filing of a brief by the defendant in support of his demurrer could not foreclose the right of the State to file a brief or present an oral argument in opposition thereto.

In the verified answer to alternative writ of prohibition, the Attorney General asserts on behalf of the state: "On or

about September 4, 1935, the defendant filed a demurrer to plaintiff's complaint. No return to the order to show cause was ever filed by the defendant. On or about October 21, 1935, the defendant mailed to the Attorney General a copy of an instrument purporting to be a brief in support of said demurrer, stating that the original had been sent to Judge Owen. Judge Owen never, at any time nor in any manner, indicated that said demurrer or said order to show cause was to be submitted on briefs. No hearing has ever been held on said demurrer or said order to show cause and no brief in support thereof has ever been filed by the Attorney General, nor has the court ruled on either said order or said demurrer. At no time has Judge Harry P. Owen ever indicated in any manner how he would rule on either the demurrer or said order to show cause when and if called upon so to do." These assertions are not controverted.

We hold that under these circumstances the case even if at issue had not been submitted. We hold that a decisive consideration is whether a party invoking the statute has submitted an issue in the cause for determination. As to when a party has submitted a controversy must be determined from the circumstances.

We conclude that the alternative writ should be discharged, and it is so ordered.

HUDSPETH and ZINN, JJ., concur.

SADLER, C. J., and BRICE, J., did not participate.