113 P.2d 179

STATE ex rel. LEBECK et al. v. CHAVEZ, Judge.

No. 4598.

Supreme Court of New Mexico.

April 23, 1941.

Nils T. Kjellstrom, of Gallup, for petitioners.

H. C. Denny and H. S. Glascock, both of Gallup, for respondent.

MABRY, Justice.

There is involved here the question whether efforts of petitioners to disqualify a District Judge were timely and appropriately made, prosecuted and relied upon. The pertinent questions raised are: (a) Was the affidavit of disqualification timely

filed? (b) Is the writ of prohibition the appropriate or the proper remedy? (c) Do the circumstances of the parties complaining having moved thereafter, and when the court refused to disqualify, to require of the judge further judicial acts, constitute a waiver of the disqualification charged?

On June 30, 1938, there was filed a complaint in the District Court of McKinley county cause No. 5547, wherein the Maccabees, a fraternal corporation, suing for itself and "others similarly situated," including one V. F. Diggs and Allen Rollie, were plaintiffs, and M. C. Bingham, Bernice Bingham, his wife, Albert O. Lebeck, Florence Lebeck and numerous others were defendants. The purpose of the suit was to foreclose a large number of separate paving liens in paving district No. 3 of the town of Gallup, in McKinley county. The complaint in foreclosure contained several paragraphs and involved, as to each paragraph, various and sundry lots of real estate and different defendants. The paragraphs of the complaint material to the determination of this cause are paragraphs numbered 23, 34, and 37. It was alleged in Par. 23 that Henry Chee Dodge and wife, Yitnanba Dodge, were the owners of certain real estate upon which there remained due as assessment for paving the sum of some $800.

In Par. 34, Albert O. Lebeck and Florence Lebeck are likewise alleged to be the owners in fee of certain other real estate upon which an unpaid paving assessment of $68 was due and unpaid; and, in Par. 37,

it is alleged that the said Lebecks were further indebted in the sum of some $1,300 for paving assessments upon other property owned by them. On July 20, 1938, said defendants Lebeck filed their answers. No further pleadings were filed in the case until November 2, 1939, at which time the said V. F. Diggs and Allen Rollie filed their petition to intervene as plaintiffs in said cause in order to control the litigation thereof, but no hearing was had nor action taken upon said petition; but, a like petition dated April 8, 1940, thereafter was favorably acted upon on April 12, 1940. Then, on January 26, 1940, the petitioners, Albert O. Lebeck having purchased in the month of September, 1938, the property described in Par. 23 as belonging to Dodge and wife, filed their petition to intervene and at the same time answered the complaint as it affected such property so described in said Par. 23. That said cause stood upon the pleadings as herein described until the 8th day of April, 1940, at which time the said V. F. Diggs and Allen Rollie (these parties to be hereinafter referred to as "Diggs"), as above noted, filed another petition for authority to control the litigation as parties plaintiff. An order so authorizing such control was entered on April 12, 1940, as above stated. Then, on May 13, 1940, the said Diggs filed a notice of hearing and for final disposition of the cause as to the said Lebecks, and as the case related to property described in all three paragraphs, 23, 34 and 37. The date for hearing was fixed for May 27, 1940. The petition of the Lebecks for the right to

intervene was not yet disposed of by the court.

Then, on May 17, Florence Lebeck filed an additional petition to intervene as to the property described in Par. 23, and then and there both the Lebecks filed their affidavits of disqualification, proper as to form, directed to the eligibility of Hon. David Chavez, Jr., the presiding judge of the 1st judicial district, and of McKinley county, under provisions of Chap. 184 of the Laws of 1933.

The pertinent parts of this act provide:

"Section 1. Whenever a party to any action or proceeding, civil or criminal, shall make and file an Affidavit that the Judge before whom the action or proceeding is to be tried or heard cannot, according to the belief of the party to said cause making such affidavit, preside over the same with impartiality, such judge shall proceed no further therein, but another Judge shall be designated for the trial of such cause either by agreement of counsel representing the respective parties or upon the failure of such counsel to agree, then such facts shall be certified to the Chief Justice of the Supreme Court of the State of New Mexico, and the said Chief Justice of the Supreme Court of the State of New Mexico, shall thereupon designate the Judge of some other District to try such case.

"Sec. 2. Such affidavit shall be filed not less than ten (10) days before the beginning of the term of Court, if said cause is at issue. * * *"

On May 18, 1940, defendants Lebeck filed their motion to strike the notice of hearing so scheduled for May 27, 1940, as to the paragraph relating to their property, on the ground that said cause was not ripe for hearing, in that the petition of Albert O. Lebeck to intervene, which was filed January 26, 1940, had not as yet been disposed of, and because no disposition likewise had been made of the original petition of intervention filed by V. F. Diggs on November 2, 1939. On May 27, 1940, said cause came on for hearing; the presiding judge refused to disqualify, on the ground, among others, that the affidavit of disqualification came too late, heard the motion to strike the notice of hearing filed by defendants Lebeck on May 18, 1940, as aforesaid. Thereupon, the said Lebecks moved the court that they be substituted for said defendants Dodge and wife and that their answers filed on May 18th, at the time of filing their petitions to intervene, be taken as their answers in the case as respects Par. 23 of the complaint, and this motion was by the court allowed. And, thereafter, and on the same day, petitioners presented to the respondent their written motion to require of plaintiffs to give security for costs. This motion was allowed without objection from plaintiffs and a cost bond was thus required.

The said defendants Lebeck, through their attorney Nils T. Kjellstrom, thereafter and on June 6, 1940, prayed and were granted an appeal to this court; and this appeal the said Lebecks thereafter attempted to abandon by the filing of

a voluntary dismissal, and thereafter this petition for writ of prohibition was filed. The motion to abandon the appeal was never acted upon by the District Judge, it is admitted. The relator urges that an appeal is still pending and relies upon the fact as an additional point in urging the irregularity of much of petitioners' proceedings. This point will be noticed further.

Was the cause at issue as between plaintiffs and the defendants, Albert O. Lebeck and Florence Lebeck, at the time the affidavits of disqualification were filed? It is immaterial that other matters, as between other parties, had been determined unless such matters affected directly the said defendants. Counsel for respondent concedes, and we hold, that each cause of action set out in the many paragraphs of the complaint are separate and distinct causes of action separately affecting different defendants and different properties. Petitioners concede that if at the time of filing the affidavit the causes relating to their property were at issue as between plaintiffs and themselves, they would not be entitled to this writ. But this fact they deny.

Sec. . 105-1501, N.M.Comp.Laws 1929, provides that "any person who has an interest in the matter in litigation in the success of either of the parties to the action, or against both, may become a party to an action between other persons, * * either before or after issue has been joined in the cause and before the trial commences." Sec. 105-1502 provides that "the court shall determine upon the intervention at the same time that the action is decided, and the intervenor shall have no right to delay, and if the claim of the intervenor is not sustained, he shall pay all the costs of the intervention." By Sec. 105-1503 it is provided, among other things: "The intervention shall be by petition which must set forth the facts * *. If such petition is filed during the term, the court shall direct the time in which an answer shall be filed thereto."

It is not disputed that petitioners, as to any interest which they might have in the premises sought to be foreclosed and to which action they were not made party defendants, would be entitled reasonably to intervene to assert and protect such interest. Respondent seems to contend that any person petitioning to intervene in a cause must, in addition to applying timely, and appropriately, persevere thereafter in his claim of such right if the rule is to avail him anything; that to file a petition for leave to intervene without moving for its early consideration by the court, will avail him nothing—that the fault lies alone with him if the court considers the matter at issue and determines the same without consideration of any undisposed of petition to intervene. We cannot follow this theory; although, because of other reasons, our holding contrary to respondent's contention on this point will not affect the ultimate result.

The court has ample authority to control the proceedings so that "the intervenor shall have no right to delay" the matter in litigation (Sec. 105-1502, supra); but, any party with an interest has a right to have the court, in some appropriate way, pass upon his petition, refusing or permitting such intervention. In discussing the right of a trustee to step into the shoes of a corporation and defend against an asserted liability of the corporation, where such corporation declines to do so, this court in Clark v. Rosenwald et al., 31 N. M. 443, at page 449, 247 P. 306, at page 308, said: "Judgment against defendant on the notes could not be rendered while the petition to intervene was pending. That petition having been disposed of, there was no obstacle to proceeding to final judgment."

From an examination of the record we are persuaded that, at the time the court heard and overruled the matter of disqualification on June 4, 1940, there was pending no petition to intervene that could affect the rights of petitioners herein, unless it be as to that of petitioner Lebeck filed on the 17th day of May, as aforesaid, which goes only to the cause of action set forth in Par. 23 of the complaint. The situation as to this paragraph will be hereinafter noticed.

Petitioners mistake the nature of the proceedings by which Diggs was, by order of the court of April 12, 1940, permitted to control the litigation as the most vitally interested party plaintiff. He was the holder of all of the low-numbered, and therefore most valuable, bonds of the series of this paving district; in fact he owned most of the bonds of all numbers. The suit was originally filed in the name of the Maccabees and "others similarly situated" (including the said Diggs) as plaintiffs, though Diggs was not actually designated by name. When he was permitted thereafter, as a party plaintiff, to control the litigation, his former petition to intervene, substantially identical in language and purpose and which was filed on November 2, 1939, was waived and abandoned. His subsequent motion was substantially a repetition of the language of the earlier one, and upon it he secured the relief he was seeking. As a party plaintiff, within the general designation of the original complaint, he was interested now in becoming a participant to the end that he could control the proceedings on behalf of all plaintiffs and push to an early determination the litigation that had remained almost stationary for nearly two years. There is no merit to the contention that any undisposed of petition of the said Diggs was pending when the disqualification was relied upon, or for many weeks before the beginning of the term.

The matter of the unacted-upon petition in intervention of the Lebecks is now noticed. It appears that the Lebecks purchased the lots described in Par. 23 of the complaint from Dodge and wife almost two years after the Dodges were in default in their answer to the suit to foreclose. It further appears that N. T. Kjeli-

strom, if not also the said Albert O. Lebeck of the firm of Kjellstrom and Lebeck (of which firm the said petitioner, Albert O. Lebeck, was a member) represented certain parties to the suit from the time of the filing of the complaint until a short time before the issues now in question were heard and determined; and that the said Lebeck knew at all times of the long default of his predecessors in title, as well as of his own default for many months in not endeavoring to intervene, or otherwise move.

▪ The trial court exercised its reasonable right of discretion in declining to permit further unnecessary, and obviously exasperating, "delay" on the part of the Lebecks when they sought to intervene or be substituted as parties when the cause came on for hearing. And this discretion, absent abuse, which we do not find here, will not be disturbed. The order of the court clearly sets out defendant Albert O. Lebeck's rather unusual connection, as well as his complete familiarity, with the case, and speaks of the long and unreasonable delay in seeking to move or to raise any question as one of the grounds for its denial of Lebeck's claims. The court must have relied somewhat upon the statute which provides: "The intervenor shall have no right to delay * * *." Sec. 105-1502, N.M.Stat.Ann.1929 Comp.Laws.

Therefore, while the court in the exercise of its reasonable discretion may have acted properly in declining to recognize petitioners' right to intervene under all the circumstances and at the late date urged—and we decline to say that it did not so act—yet, nevertheless, the petition to intervene as to the one matter to be litigated under the cause of action set out in Par. 23 was in fact *pending* and undisposed of up to the time of the filing of the affidavit and the ruling by the court. Therefore, the case, as to that one cause of action, was not at issue before the beginning of the term. However, petitioners can get no comfort from such holding because of our disposition of other questions hereinafter discussed and decided.

Was the affidavit of disqualification timely filed? Or, to put it another way, was petitioner to intervene entitled to so challenge the judge's right to sit before petitioner had been permitted to become a party to the suit? There may be grave doubt whether one not originally a party but who becomes a party to a suit by intervention may, under our statute, disqualify a judge in any event. There is much authority to the effect that an intervener must take the suit as he finds it and is bound by the previous proceedings in the case. "Consequently he cannot complain of the form of the action, or informalities or defects in the proceedings by the original parties, or of the jurisdiction of the court in which the plaintiff had a right to sue the defendants." See Vol. 14 Standard Ency. of Procedure, page 330, and cases cited. However this may be, we have before us a much narrower question and therefore this other and broader one need not be decided.

"An intervener *who has been properly admitted* in the action is a party to the action." (Emphasis ours.) 14 Standard Ency. of Procedure, Intervention, P. 328. Our statute gives the right to disqualify to any "party to any action * * *", and not to one *seeking* to *become* a party. It does not give the right to disqualify to one not yet a party though he may have filed in the court his petition setting up his "interest" and praying for the right to intervene and become one. So, we have before us this narrower question whether a party who has petitioned to intervene, but whose right is not yet determined by the court, may disqualify the judge under the above mentioned statute.

"With reference to judicial proceedings, the word 'party' is generally used as meaning one of two opposing litigants, he or they by or against whom a suit is brought, whether in law or in equity; * * * the words 'party' and 'parties', when used with reference to suits or actions, are technical words of precise meaning unless it is apparent that they are used in a more popular sense; * * *." 47 C.J. Parties, Sec. 1, page 14.

There is nothing in the statute to indicate that any strained interpretation of the term "party" was intended. Petitioners had not become parties to this action. The court had yet to determine whether they woud be permitted to become parties. Both the statute and general rule pertaining to intervention contemplate that two things essential to making one a party by intervention must occur. There must be a petition setting forth the grounds relied upon and this must be followed by the filing of a complaint when and if the court allows the intervention. State v. District Court of the 19th Judicial District, 93 Mont. 149, 17 P.2d 57, 59. And the interest of the petitioner must appear to be direct and of a substantial nature, not indirect, inconsequential or contingent. Consolidated Liquor Co. v. Scotello & Nizzi, 21 N.M. 485, 155 P. 1089.

It might be suggested that since petitioners are not yet parties to the main action and so might not have the right to disqualify the judge in the trial upon the merits prior to their being made parties, yet, the petition to intervene representing a distinct "action or proceeding", the right to disqualify the judge to hear and determine such petition to intervene in the first instance ought to be given petitioners if the statute is to operate impartially upon all "parties" to a cause or proceeding. We are not inclined to give any such broad construction to the statute, however; and we believe that sound logic and common sense support this view. A plaintiff, we may say, *must* choose a forum designated by law for the trial of his dispute with a defendant; and the defendant has no choice but to defend in the forum so selected. Yet, one seeking to intervene in such suit, begun and defended against by others, is denied no right to his day in court even though he is not permitted to participate in the action already begun but is left to pursue his remedy by appropriate independent action, whatever that may be. The right to intervene

at all may be said to be a right given out of consideration of convenience to the intervener, and other parties litigant, and not because any substantial right would otherwise be lost to him; and "it consists with the policy of the law to afford speedy trials of all legally related issues and to end litigation." Faricy v. St. Paul Inv. & Sav. Soc., etc., 110 Minn. 311, 313, 125 N.W. 676, 679.

 It would, obviously, militate against the orderly and prompt conduct of law suits to permit one petitioning to intervene in a suit to delay the trial on the merits while a new judge is being sought and brought into the district to try the simple issue of whether petitioner had alleged sufficient facts showing his interest in the matter in litigation and whether the trial would not, by his intervention, be delayed. We do not favor any such broad and illogical construction of the statute.

 Any hearing upon the application or petition to intervene would be upon a purely collateral matter not contemplated by the statute. "It is thus seen that the right to intervene is not absolute, but is conditioned as to time, and must not delay the trial. The proceeding is *collateral to the main case.*" (Emphasis ours.) Clark v. Rosenwald, 31 N.M. 443, 452, 247 P. 306, at page 309. Clearly, if the affidavit relied upon is intended to go to the judge's disqualification to preside over the main action already instituted, it is not timely, but premature, because petitioners are not yet parties and do not yet know whether their petition will be allowed.

We hold, therefore, that petitioners were not parties to any action or proceeding contemplated by the disqualification statute at the time they filed the affidavit of disqualification. The affidavit filed herein was not appropriate or timely, under any view.

 All that we have here said with reference to the right to intervene and the appropriateness or timeliness of the petition is not without notice of what our territorial court has heretofore said in limiting the intervention statute above discussed to suits at law. Sections 105-1501 and 105-1502, supra. In Union Trust Co. v. Atchison, T. & S. F. Ry. Co., 8 N.M. 327, 43 P. 701, and Flournoy v. Bullock, etc., 11 N.M. 87, 66 .P. 547, 55 L.R.A. 745, we held that this statute does not apply to equitable proceedings. We consider and decide the question under general equitable principles and rely upon the statute as a guide merely and not as controlling; and so it may be said that, even if the statute should control, as in a law case it would, still petitioners would be afforded no relief.

 Another important question and one which must likewise be resolved against petitioners, has to do with waiver. The record discloses that after Judge Chavez had heard and acted adversely upon petitioners' affidavit of disqualification, petitioners, by moving for and inviting the performance of further judicial acts by the judge, thereby waived their right to rely upon such disqualification theretofore unavailingly urged.

It will be noticed that after the Judge's ruling upon his disqualification, petitioners immediately moved the court and were by it permitted to have substituted their names as party defendants in place of Dodge and wife. And, at the same time or soon thereafter and before appeal was taken, they further invoked a ruling and decision of the court by moving that it require of plaintiffs a security bond for costs, as provided by Sec. 105-1310, of N.M.Stat.Ann.Comp. 1929. This motion was likewise acted upon and allowed.

Clearly, both of these actions on the part of petitioners called upon the court for an exercise of its judicial discretion. It was a call upon the judge "to act judicially upon a material issue." State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937, 939, and other cases hereinafter cited. We have said that it rests in the discretion of the court as to whether plaintiff shall be ruled upon such motion to give a cost bond. City of Roswell v. Bateman, 20 N.M. 77, 83, 146 P. 950, L.R.A.1917D, 365, Ann.Cas. 1918D, 426. Petitioners did not rest upon their objection, appropriately made, to the court's refusal to disqualify upon the affidavit of prejudice and then seek the alternative writ for which they now, belatedly, ask. They seem to have believed that they must, nevertheless, thereafter persevere in the trial, at least to some extent, to protect their clients' interest, although it does not appear that they likewise persevered in keeping good their objection to the judge's refusal to disqualify. Their explanation for not having secured an order of the said

District Judge dismissing the appeal as provided in Rule XI of Supreme Court rules before asking for this writ, seems to be, according to language used in their brief, that if the District Court were permitted to sign such order he would thus have been "acting in a matter concerning the defendants" and they would thus have been barred from any relief to be sought through writ of prohibition. Petitioners do not correctly appraise our rule. Rule XI gives the appellant, or plaintiff in error, where there has been no docketing of the case in the Supreme Court and where the judgment has not been superseded, the right to abandon his appeal or writ of error by filing notice thereof and securing an order of the District Court thereupon. The right to so dismiss or abandon, present the circumstances found here, is not left to the discretion of the trial court. The right is absolute. The judge is not called upon "to rule for or against" petitioners. State ex rel. Shufeldt v. Armijo, infra. He may perform mere formal acts after disqualification. 30 Am. Jur. 799, par. 99, note 19.

The fact that neither of these motions was, upon hearing, resisted by opposing counsel, does not alter the case. Both motions, nevertheless, invited a "hearing" and petitioners doubtless expected that one of them, at least, would be resisted. We have said that "in a broad sense, a hearing includes every step therein where the judge *is called upon to rule* for or against any party to the cause. It is the judicial examination of the 'issue' in the broad sense that is contemplated by chapter 184." (Em-

phasis ours.) State ex rel. Shufeldt v. Armijo, Judge, 39 N.M. 502, 506, 50 P.2d 852, 855. The judge was thus "called upon to rule" at some stage of the proceeding.

We have said a good deal upon the question of disqualifying a trial judge under the provisions of this act. The law may be said to be now well settled and generally understood. See State ex rel. Hannah et al. v. Armijo, 38 N.M. 73, 28 P.2d 511; State ex rel. Tittmann v. Hay, 40 N.M. 370, 60 P. 2d 353; State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852; State ex rel. Gandert et al. v. Armijo, 41 N.M. 38, 63 P.2d 1037; State ex rel. Romero v. Armijo, 41 N.M. 40, 63 P.2d 1039; State ex rel. Cruz v. Armijo, 41 N.M. 44, 63 P.2d 1041; State ex rel. Weltmer v. Taylor, 42 N.M. 405, 79 P.2d 937; Hill v. Patton, 43 N.M. 21, 85 P.2d 75.

We have said that whether affidavit of prejudice is timely filed depends upon whether the party filing the affidavit has theretofore submitted any contested matter to the judge for ruling thereon. State ex rel. Tittmann v. Hay, supra. In State ex rel. Shufeldt v. Armijo, supra, we held there was no disqualification for the reason that prior to the filing of the affidavit of disqualification nothing had been submitted to the court to invoke its ruling upon a disputed or litigated issue. In that case the court said: "An examination of the record discloses that every order of the court was either done ex parte or on agreement. At no time was the respondent called upon to determine any litigated matter. Whatever right or advantage relator may have secured was upon agreement with the opposing party and not as the result of any ruling of the court on a contested motion or pleading."

The affidavit must be filed "before a party has called upon the court to act judicially upon any material issue * * * upon the theory that he should not be permitted to test the presiding judge's attitude upon material issues and if not to his liking, disqualify him." State ex rel. Weltmer v. Taylor, supra.

The foregoing decisions of our own court deal mainly with the timely filing of the affidavit of disqualification. We cite them nevertheless because of the close analogy of the rule of decision now well established in such cases to what should be the proper rule on the question of waiver or estoppel to insist upon a disqualification attempted or established.

There can be no question that this disqualification, as well as the constitutional disqualification relating to kinship, interest, etc. (Sec. 18, Art. 6, Const.), though unlike the rule prevailing in many states, may be waived. We have heretofore held that this disqualifying language used in our constitution is not absolute and the parties may waive it. State v. Gonzales, 43 N.M. 498, 95 P.2d 673. See Kavanaugh et al. v. Delgado et al., 35 N.M. 141, 290 P. 798; Gutierrez v. Middle Rio Grande Conservancy Dist., 34 N.M. 346, 282 P. 1, 70 A.L.R. 1261,; Tharp v. Massengill, 38 N. M. 58, 28 P.2d 502, 510. It is obvious that disqualification for prejudice may be waived; and it is waived by implication as

well as by specific acts of the party having a right to rely thereupon. See note in 5 A.L.R. 1604, citing numerous authorities. Such "disqualification resulting from the filing of an affidavit of prejudice is waived where the affidavit is withdrawn." 30 Am. Jur., Judges, par. 95, 801; State v. Ham, 24 S.D. 639, 124 N.W. 955, Ann.Cas.1912 A. 1070.

Petitioners did not expressly waive any reliance placed by them upon the affidavit of disqualification already overruled, when they submitted to the court and invoked his ruling in the two matters just mentioned, nor did they indicate at the time of so invoking this further action of the court that they were *not* waiving, but on the contrary were relying upon, their earlier challenge to the judge's right to sit in the case—if that could have altered the situation.

We can see no distinction between the right to waive and the circumstances under which a party may waive such disqualification *before* having attempted to disqualify a judge, and the right to waive and the circumstances under which it may be done *after* the effort to disqualify. Our attention has not been called to any cases making such distinction, where the *right* to waive exists in the first instance. We hold, therefore, that as to all causes of action set forth, petitioners have waived the question of disqualification, regardless of whether they had at first appropriately or irregularly attacked it.

Respondent urges also that, since the appeal theretofore taken from the court's judgment, including the refusal to disqualify, has not been dismissed, the District Judge is therefore without jurisdiction to further act in the premises and a writ of prohibition directed to him both useless and improper; moreover, it is urged by respondent, the writ being one which issues at the discretion of this court, under all the circumstances of this case we should deny it. These, and other additional questions, we need not. and do not decide.

For the reasons given, the alternative writ of prohibition will be discharged, and it is so ordered.

BRICE, C. J., and ZINN and BICKLEY, JJ., concur.

SADLER, Justice (concurring in result).

I concur in the result. The petitioners continued to invoke action by the district judge, notwithstanding he was powerless to act if the affidavit of disqualification filed by them was still efficacious. I agree with what the opinion of Mr. Justice MABRY has to say on the question of waiver. In so far as the result declared rests on that ground I am in full agreement with it.

I disagree with the declaration that a party seeking to intervene in another suit or action is to be denied the benefit of L. 1933, c. 184, relating to the disqualification by affidavit of a judge believed to be prejudiced. The opinion successfully demonstrates that until a litigant has been permitted to intervene he is not a "party" to the main action. Indeed, the mere statement of this proposition proves it. But

this conclusion does not detract from the character of such a one as the "party" to the collateral proceeding whereby he seeks to become a "party" to the main action.

The statute is very broad. Subject to the condition named, it grants the right of disqualification to a party to "any action or *proceeding*", etc. (Italics mine.) L.1933, c. 184. Certainly, when a litigant files a petition in intervention he inaugurates a "proceeding" to which he is a party, and if he believes the judge prejudiced, he may avail himself of the statute for the purpose of the hearing on his right to intervene. The mere fact that the proceeding is collateral to another action or proceeding is immaterial. State ex rel. Simpson v. Armijo, 38 N.M. 280, 31 P.2d 703. Cf. Hammond v. District Court, 30 N.M. 130, 228 P. 758, 39 A.L.R. 490. In the Simpson case [38 N.M. 280, 31 P.2d 704], we said: "When the Legislature enacted into the law the word 'proceeding,' it must be assumed that it had in contemplation contempt proceedings as well as all proceedings whatsoever, which might be held not to fall within the denomination of actions."

The views expressed in the specially concurring opinion of Mr. Justice Zinn and in my dissenting opinion, the latter being concurred in by then Chief Justice Hudspeth, in State ex rel. Sartain v. Patton, 42 N.M. 64, 75 P.2d 338, 343, the three of us making up a majority of the court as then constituted, seem clearly to hold by analogy that a petition for leave to intervene in a suit or action is a "proceeding" within the statute construed. There the question was whether a petition to remove administration proceedings on an estate from the probate into the district court pursuant to 1929 Comp. 34-422 et seq. was a "proceeding" within the statute. The majority on the court were very distinctly opposed to the view of the minority on this point composed of Mr. Justice Bickley and Mr. Justice (now Chief Justice) Brice that the petition to remove was not a "cause" or "case" (treated synonymously with "action or proceeding"), within the statute. It was only because Mr. Justice Zinn deemed the affidavit of disqualification prematurely filed that he did not join with then Chief Justice Hudspeth and the writer of the present opinion in making permanent the alternative writ of prohibition rather than dissolving it. This is made plain by the first paragraph of Mr. Justice Zinn's opinion in the Sartain case. It reads: "I concur in the result arrived at by Mr. Justice Bickley. My concurrence, however, is not to be deemed as an agreement or concurrence in his opinion or the reasoning therein contained."

It often is the case that an intervenor may protect his rights as effectively by separate action as through intervention. But often it is otherwise and notwithstanding the right to sue separately, the litigant may suffer great prejudice unless permitted to intervene and set up his rights in a pending action. Hence, intervention is an important right and the party is not to be denied benefit of the statute on the assump-

tion that he may just as effectively proceed by separate action; nor by the consideration that even if he got in he might have to try his case before the very judge whom he had disqualified by affidavit from hearing the proceeding on his petition to intervene. The all important thing to him may be the right to be heard in the pending suit or action.

The time element mentioned in the prevailing opinion is not so important. This factor enters into every disqualification made under the statute or may do so. It was not thought sufficient by the legislature to withhold the right to disqualify in an "action" and must be held of no greater force as to a "proceeding", even though the proceeding be one for leave to intervene in a pending action.

If the appearance of a party seeking intervention should disclose a constitutional ground of disqualification, not theretofore present or suspected, it cannot be supposed that by seeking intervention the petitioner waives his constitutional right to remove a judge thus disqualified in fact from hearing his petition in intervention. Considerations of convenience may not override the constitution. Neither do they outweigh the positive statutory right to remove a judge on a sworn imputation of prejudice.

If the opinion of Mr. Justice MABRY rested solely on the holding that the statute is inapplicable to a hearing on a petition to intervene, I should be compelled to dissent generally. Since it rests mainly on waiver, I concur on that ground alone.