[Civ. No. 26481. Second Dist., Div. One. Aug. 13, 1962.]

LORANE CASEY THOMPSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; JOHN HARRISON THOMPSON, Real Party in Interest.

Arden & Arden and John L. Arden for Petitioner.

Harold W. Kennedy, County Counsel and Donald K. Byrne, Deputy County Counsel for Respondent.

Robert S. Forsyth for Real Party in Interest.

THE COURT.—This is a petition for a writ of certiorari or prohibition by which petitioner seeks to annul or to prohibit the enforcement of an order issued by the Honorable Roger A. Pfaff, Judge of the Superior Court for the County of Los Angeles, in the divorce action entitled ''John Harrison Thompson vs. Lorane Casey Thompson,'' Number D566388. Judge Pfaff presides in Department 8 of respondent court, it being the department designated to hear orders to show cause and contempt proceedings in connection with domestic relations matters.

The action was commenced in January 1960 by John Harrison Thompson, the real party in interest herein. Petitioner filed therein a cross-complaint upon which she was granted an interlocutory decree of divorce that was entered on January 16, 1962. The decree, in accordance with a written stipulation of the parties, awarded to petitioner the care, custody and control of the two minor children of the parties, subject to reasonable visitation rights in the father. A property settlement agreement was approved by the court and incorporated as a part of the decree, by the terms of which it was provided that ''said children shall not be removed from the State of California for a period longer than 7 consecutive days in any one month period by either of the parties without the prior written consent of the other.'' The matter was heard and the interlocutory judgment was signed by Judge Burnett Wolfson.

Following entry of the interlocutory decree, petitioner sought modification of that portion thereof which restricted the removal of the children from the State of California. She asked that said provision be stricken so as to permit her and the children to reside in the State of Texas. The matter was heard on February 16, 1962, and the application for modification was denied by John R. Alexander, a court commissioner sitting as judge pro tempore in Department 8B.

On the date the last-mentioned order was made, pursuant to request of real party in interest, an order was made by Judge Hill requiring petitioner to show cause on March 15, 1962,

in Department 8, why the interlocutory judgment should not be modified so as to award custody of the children to said real party in interest. The application was based upon an affidavit asserting changed conditions and circumstances since the date of the decree. Pursuant to stipulation of the parties, Judge Pfaff signed an order continuing the hearing thereon to March 16. Petitioner states that on Friday, March 16, 1962, "Petitioner's counsel made a motion for a continuance to such date as would permit him the opportunity to take the deposition of the Real Party in Interest. Counsel's motion was denied and Judge Pfaff ordered the matter transferred to another department for hearing. Counsel renewed his motion for a continuance which was thereupon granted and the matter was ordered continued to Monday, March 19, 1962."[1]

Upon the matter being called on March 19, and retained in Department 8 to be heard by Judge Pfaff, petitioner's counsel moved to disqualify the judge and filed an affidavit of prejudice pursuant to section 170.6 of the Code of Civil Procedure. The motion was denied upon the ground "that the Court had already acquired jurisdiction of the matter. Defendant's affidavit under 170.6 CCP was not timely under the ruling of Jacobs vs. Superior Court." Said judge proceeded with the matter and, after hearing the testimony of both parties and other witnesses and interviewing the minor children, made an order on March 20, by which all prior orders for child custody and support were vacated and custody of the two minor children was awarded to the father subject to reasonable visitation rights in petitioner. The order also provided for petitioner to have physical custody during specified periods of time.

Petitioner seeks the within writ contending that the order of March 20 is void in that the trial judge was disqualified by the filing of the affidavit pursuant to section 170.6, which it is claimed was timely since it was filed as soon as petitioner discovered that Judge Pfaff intended to hear the matter, and before the commencement of the hearing.

Section 170.6 of the Code of Civil Procedure provides in subdivision (1) : "No judge of any superior, municipal or

---

[1]Pursuant to rule 12 of the California Rules of Court,* we have augmented the record by having the file of the superior court transmitted to this court. The record shows only that on March 16 the hearing on the order to show cause was continued to March 19, 1962.

*Formerly Rules on Appeal, rule 12.

justice court of the State of California shall try any civil or criminal action or special proceeding of any kind or character nor hear any matter therein which involves a contested issue of law or fact when it shall be established as hereinafter provided that such judge is prejudiced against any party or attorney or the interest of any party or attorney appearing in such action or proceeding.''

Subdivision (2) of said section provides in pertinent part: ''Any party to or any attorney appearing in any such action or proceeding may establish such prejudice by an oral or written motion without notice supported by affidavit . . . that the judge before whom such action or proceeding is pending or to whom it is assigned is prejudiced against any such party or attorney or the interest of such party or attorney so that such party or attorney cannot or believes that he cannot have a fair and impartial trial or hearing before such judge. Where the judge assigned to or who is scheduled to try the cause or hear the matter is known at least 10 days before the date set for trial or hearing, the motion shall be made at least five days before that date. . . . If the motion is directed to a hearing (other than the trial of a cause), the motion must be made not later than the commencement of the hearing. In the case of trials or hearings not herein specifically provided for, the procedure herein specified shall be followed as nearly as may be.'' Subdivision (3) provides that if such motion is duly presented and such affidavit is duly filed, ''thereupon and without any further act or proof'' the matter shall be assigned to some other judge for hearing.

It is true, as respondent contends, that the proceedings of March 19 and 20 to modify the custody provisions of the interlocutory decree were but a continuation of the original trial. (*Jacobs* v. *Superior Court*, 53 Cal.2d 187, 190 [1 Cal.Rptr. 9, 347 P.2d 9].) The court states in the *Jacobs* case, ''since the motion must be made before the trial has commenced, it cannot be entertained as to subsequent hearings which are a part or a continuation of the original proceedings,'' and it was held that there was no right, in such subsequent hearings, to disqualify the judge who had heard the original cause.

But the modification proceedings in question herein were not before the judge who had tried the divorce case, or the judge pro tempore who had heard the prior application for modification on February 16, 1962. In *People* v. *Smith*,

196 Cal.App.2d 854, 859[2] [17 Cal.Rptr. 330], the court states: "We construe it to be the intent of the Legislature that where a litigant has not previously exercised his privilege under 170.6 he may do so in a proceeding supplemental to the original action as to a judge other than any judge who has previously heard any phase of the matter, provided that he does so before the commencement of the hearing of the supplemental proceedings by such judge and within the time limitations specified in the section." (See also *Spector* v. *Superior Court,* 55 Cal.2d 839, 843 [13 Cal.Rptr. 189, 361 P.2d 909].)

Respondent contends that the rule of the *Jacobs* case, *supra,* which pertained to hearings subsequent to the original proceeding, is equally applicable to preliminary proceedings which took place prior to the trial in which the interlocutory decree was granted and, since Judge Pfaff participated in many of such preliminary matters and had entered orders therein, he had jurisdiction to determine the custody matter at issue on March 19. ▓▓▓ We think that the theory of the *Jacobs* case is pertinent in this respect: If any of the proceedings over which Judge Pfaff presided in this case prior to the hearing on March 19 was such that the judge could have been challenged for prejudice, and this was not done, an affidavit of prejudice pursuant to section 170.6 on March 19 came too late. In other words, no such affidavit may be filed in any case after any contested matter in relation to such litigation has been submitted for decision to any judge sought to be disqualified. Conversely, an affidavit of prejudice is timely in this respect if filed and application for disqualification is made before the judge in question has made any ruling on any litigated or contested matter in the case. (See *State* v. *Hay,* 40 N.M. 370 [60 P.2d 353, 354-355]; *State* v. *Armijo,* 39 N.M. 502 [50 P.2d 852, 854-855]; *Arizona Conference Corp.* v. *Barry,* 72 Ariz. 74 [231 P.2d 426, 427].)

▓▓▓ It is clear from a reading of section 170.6 that it is applicable only to the *trial* of a cause or the *hearing* of a matter. The provision that a judge shall be disqualified to "hear any matter" in a civil or criminal action or special proceeding contemplates a hearing other than the trial of a cause. The statute is not limited in its prohibition to a hearing after the cause is at issue, or in any other manner as to time with relation to the trial of the main cause. Obviously the

---

[2]Opinion as modified upon rehearing.

hearing must be one arising within the pending case but, otherwise, the only qualification is that it must involve *a contested issue of law or fact*.[3]

The record shows that the following orders were issued by Judge Pfaff in this case: (a) Orders to show cause issued upon application of each of the parties by which each sought temporary custody of the minor children. (b) A temporary restraining order issued ex parte enjoining defendant[4] from removing the children from the family home or from the physical custody of the plaintiff. (At this time the children were in the mutual custody of the parties within the family home.) (c) Temporary orders issued upon ex parte applications of defendant by which plaintiff was restrained from disposing of the community property, from harassing, annoying and molesting defendant, from residing within the family home and from removing the children from the physical custody of defendant. (d) Various orders of continuance were made with the proviso that the temporary restraining orders remain in effect; one such continuance was pursuant to written stipulation of the parties.

On June 16, 1961, a pendente lite order was made pursuant to a written stipulation of the parties by which, *inter alia*, the legal and physical custody of the minor children was awarded to defendant subject to reasonable visitation rights in plaintiff; defendant was given the exclusive possession of the family home; plaintiff agreed to pay $2,500 on account of attorney's fees for defendant; and the remaining matters of attorney fees, court costs, and the temporary support of defendant and the minor children, then set upon defendant's

---

[3]That the statute was intended to be applicable to preliminary matters in a divorce case, see Report of Senate Interim Judiciary Committee, page 104, volume 1 of *Appendix to Journal of the Senate*, Regular Session 1957, in which the purpose of the legislation is discussed. Speaking of section 170.6 as enacted in 1957, as compared with S.B. 89 as proposed at the 1955 session of the Legislature, it is said: ''Whereas, Senate Bill No. 89 was so worded as to apply primarily to trials, the present measure, includes, in addition to trials, 'any matter . . . which involves a contested issue of law or fact.' Broad application, in general, is the approach in other states having laws of this character. The 'trial' situation is, of course, the most important one, overall. The 1955 measure was directed to this primary situation. However, demurrers, motions for preliminary injunctions, orders to show cause in domestic relations matters, and a host of other particular steps often involve issues of substantial importance. Freedom from the imputation of disqualification, on the part of the judge determining all contested matters, better serves the administration of justice.''

[4]For the purpose of this discussion real party in interest herein will be referred to as ''plaintiff'' and petitioner herein as ''defendant.''

order to show cause for June 16, were continued to July 7, 1961.

An order to show cause is but a notice of a motion and a citation to the party to appear at a stated time and place to show cause why a motion should not be granted (*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210, 213 [256 P. 210]), and it is clear that the mere issuance thereof is not a trial or a hearing. Every order thus far made by Judge Pfaff, other than certain continuances, was made pursuant to ex parte application or on stipulation of the parties, and none was the result of a hearing upon a contested issue. Section 170.6 by its terms does not contemplate the filing of an affidavit of disqualification in such matters. (Cf. *State* v. *Eighth Judicial Dist. Court*, 70 Nev. 172 [264 P.2d 396, 397]; *State* v. *Armijo, supra,* 39 N.M. 502 [50 P.2d 852, 855]; *State* v. *Hay, supra,* 40 N.M. 370 [60 P.2d 353, 354].)

Respondent makes reference to an order of December 14, 1961, "made by Judge Pfaff." The hearing on this date was upon defendant's order to show cause re contempt, and upon defendant's order to show cause re attorney fees, costs and restraining order. The minute order reads: "By stipulation plaintiff agrees to be bound by and comply with all restraining orders heretofore order [*sic*]. Defendant's OSC re contempt is dismissed without prejudice. Both parties are mutually restrained from annoying, harassing or molesting the other in any manner whatsoever. The order of June 16, 1961, is modified in the following respect only: Plaintiff is restrained from coming upon or remaining upon the premises at 10957 Chalon Road, Los Angeles except of calling for or returning the minor children in exercise of his visitation. . . ." As to that portion of the order made pursuant to stipulation, no adversary hearing was involved. Insofar as contested issues may have been presented, the record indicates that the hearing was held before a court commissioner sitting as judge pro tempore in Department 8B. Although the minute order is on a form which shows Roger Alton Pfaff as "Judge" of Department 8, it also shows V. H. Hayek as "Judge pro tem" who presumably acted as such and heard the matter. (Code Civ. Proc., § 259a, subd. 4.)

A similar type of minute order of August 15, 1961, indicates that a hearing on defendant's order to show cause with regard to attorney fees and court costs was heard by a judge pro tempore in Department 8D. And as previously stated, the divorce hearing was before Judge Wolfson; the modifica-

tion proceeding of February 16, 1962, was heard by John R. Alexander, Judge pro tempore. It therefore appears that all hearings which in any way involved a contested issue were heard by a judge other than Judge Pfaff. It is aptly stated in *State* v. *Armijo, supra,* 50 P.2d 852 at page 856: "The respondent at no time had to determine any issue for the plaintiff therein as against the relator (defendant in said case), or vice versa. We cannot find wherein the relator tested the ruling of the trial judge and drew fire in the form of an adverse ruling and then decided to disqualify the judge. The two orders relied on by respondent to preclude relator from filing an affidavit of disqualification were entered by consent of all parties to the action in the lower court. There had never been any adverse or favorable ruling on any contested or litigated motion, demurrer, or plea."

■ Since petitioner made her objection and filed her affidavit of prejudice under section 170.6 the first time she appeared before the judge upon a hearing which involved a contested issue, and had not previously exercised her right under this section, Judge Pfaff was disqualified from taking further action therein. Lacking the power to hear and determine the matter, the making of the March 20 order was an act in excess of jurisdiction and the order is null and void. (See *McCauley* v. *Superior Court,* 190 Cal.App.2d 562, 565 [12 Cal.Rptr. 119]; *Briggs* v. *Superior Court,* 215 Cal. 336, 341-342 [10 P.2d 1003].)

■■ Respondent contends that petitioner has an adequate remedy by appeal, thus the peremptory writ should not issue. The Supreme Court states in *City of San Diego* v. *Superior Court,* 36 Cal.2d 483, 485 [224 P.2d 685]: "The writ of prohibition will not issue when there is a plain, speedy, and adequate remedy in the ordinary course of law. (Code Civ. Proc., § 1103.) It is settled, however, that the remedy in the ordinary course of law by an appeal from the judgment at the end of the trial is not adequate when the court has no jurisdiction to proceed with the action and no appeal is available before final judgment." (See also *Keating* v. *Superior Court,* 45 Cal.2d 440, 443 [289 P.2d 209].) In the instant case, the order denying the motion to disqualify is not directly appealable, and we hold that an appeal from the subsequent order, which the judge had no power to make, is not an adequate remedy.

■ "Although prohibition will not lie to review the validity of a complete judicial act, it is a proper remedy to

prevent further judicial action based upon a void order. [Citation.]" (*Greene* v. *Superior Court*, 55 Cal.2d 403, 406 [10 Cal.Rptr. 817, 359 P.2d 249].)

Accordingly, and for the reasons stated, let the peremptory writ issue prohibiting respondent court from giving effect to the March 20 order.